## WALTERS v. MILLER.

1. **VENDOR AND VENDEE: RESCISION.** A purchaser of real estate who has paid the purchase money but has received no deed of conveyance from the vendor, will not, when time is not of the essence of the contract, be permitted to rescind the contract of purchase and recover back the money so paid, unless the vendor has been guilty of some fraud in making such contract, or is unable or unwilling to perform on his part, or there has been a voluntary rescision of the same.

2. **SAME.** In an action by a purchaser against the vendor to recover back the purchase money paid on such a contract for the purchase of real estate, the petition should show that the plaintiff had demanded a per-

formance of the contract on the part of the vendor, and that the same was refused. The commencement of an action is not a sufficient demand.

*Appeal from Marion District Court.*

WEDNESDAY, JUNE 6.

THE plaintiff in his petition claimed six hundred dollars, as damages sustained by him by reason of the failure of the defendant to comply with the conditions of a certain bond, by which defendant had, in consideration of $300, agreed to convey to plaintiff, by a certain date, certain real estate therein named, by deed of warranty. The day upon which defendant had so agreed to convey, had passed previous to the commencement of this suit. Defendant in his answer admitted the execution of the bond, and the payment of the money therein specified, but alleged that he had ever been ready and willing to convey; that plaintiff had never presented said bond, or demanded a deed thereon. And the defendant brought into court and tendered a deed for the land described in said bond, to plaintiff, together with the costs of suit made at the date of such tender.

To this answer the plaintiff demurred, alleging as his cause for demurrer, that the tender of the deed was no defense to plaintiff's claim, and that plaintiff was not required by law to receive said deed in part or full payment of the amount claimed. This demurrer was overruled by the court and judgment rendered thereon for defendant, from which ruling the plaintiff appeals to this court.

*J. E. Neal* for the appellant. No brief on file.

*Rice, Myers & Rice* for the appellee, contended. 1. That when time is not the essence of the contract, the law requires some positive act by the party who would rescind, which shall manifest such intention and put the opposite party on his guard. *Higby* v. *Whitaker et al.*, 8 Ohio 198; 5 Iowa 325. 2. That it should appear that the plaintiff had

treated the contract as forfeited, or that he had sustained injury by the failure of the defendant to comply strictly therewith. *Matthews* v. *Gilliss*, 1 Iowa 256; 2 Ib. 126; 3 G. Greene 128.

. BALDWIN, J.—The plaintiff by the institution of his suit, claiming money instead of a specific performance, disaffirms that portion of the contract in regard to the execution and delivery of the deed, on the ground that the time within which the defendant had obligated himself to execute and deliver a deed had transpired. The only question necessary to be determined is, whether the defendant by failing to execute a deed for the premises described in the bond, without the plaintiff having presented the bond and having demanded a deed, is in such default as entitles the plaintiff to recover back the purchase money with damages.

In contracts for the sale of real estate, when the purchase money has been paid, but no deed executed, the purchaser will not be permitted to rescind the contract and recover back the purchase money, unless the vendor has been guilty of fraud in making the contract, or the vendor can not or will not perform on his part, or unless there has been a voluntary rescision of the contract without default on either side.

To rescind a contract the law requires some positive act, by the party who would rescind, which shall manifest such intention, and put the opposite party on his guard, and it then gives him a reasonable time to comply. *Higby* v. *Whitaker*, 8 Ohio 198. The bond sued on shows the consideration for the land sold to have been $300—the penalty for a failure to convey is double that amount. Time is not made of the essence of the contract. The plaintiff never gave notice to the defendant of his intention to rescind; the bond was never presented to defendant and its fulfillment required. It is claimed by the appellant that the commencement of the suit is a sufficient demand. For a money demand in some cases this would be sufficient. But before the vendee has a right to rescind the contract and recover upon the

penalty in the bond of the vendor, the bond should be presented and a demand made that its conditions should be complied with. The court did not err in overruling plaintiff's demurrer.

Judgment affirmed.