*Haynes, Dunning & Haynes* and *Wells, Smith & Macon*, attorneys for petitioners.

*H. P. H. Bromwell* and *B. M. Hughes*, attorneys for respondent.

---

## LARIMER IMPROVEMENT CO. *v.* COWAN *et al.*

(*Supreme Court of Colorado, Dec. 7, 1880, Appeal from the District Court of Weld County.*)

CANCELLATION OF DEED, ON THE GROUND OF FRAUD AND MISREPRESEN- TATION—WILL NOT BE DECREED UNLESS THE FRAUD WAS THE SOLE CAUSE OF THE TRANSACTION. In order that a misrepresentation may support an action, or be of any avail as a ground of relief in equity, it is essential that it should be material in its nature, and should be a determining ground of the transaction. A misrepresentation goes for nothing, unless it is a proximate and immediate cause of the transaction. It is not enough that it may have remotely or indirectly contributed to it, or supplied a motive to the other party to enter into it.

ELBERT, C. J. This was a bill filed by Andrew Cowan, praying the cancellation of a deed made by him to the appellant.

Andrew Cowan having deceased, the appellees were substituted as parties.

The bill represents that defendant is a corporation doing business in Larimer county, with a chief characteristic and object of establishing colonies, acquiring lands, and building up of towns thereon. On December 3, 1872, defendant was seized and possessed of certain lands near the old town of Fort Collins.

Orator was seized in fee of a large amount of land, including a forty-acre tract, on which the old town of Fort Collins was located, a part of which had theretofore been platted into streets, etc. In 1872 defendant opened an office in or near Fort Collins, pretentedly to carry out the business for which it was formed, but really to acquire land in and near the old town of Fort Collins. In November, 1872, officers and agent of defendant approached orator to negotiate for transfer of certain lands of his to defendant, and with fraudulent intent, to induce him to convey, fraudulently represented to him that defendant had organized a colony of people, and would locate on his land if he would convey a portion to defendant, (describing the tract as in deed, exhibit "B," folio 350.) Designing to cheat him, they represented if he would convey to defendant said portion, they would plat same, open it to sale and settlement, and cause valuable improvements to be erected thereon, and locate a colony of people, and thus the lands reserved by him would be so enhanced in value as to more than compensate him for conveying to defendant. Believing them, he on December 3, 1872, conveyed a portion of said forty-acre tract (describing what was conveyed as appears in deed) for the expressed consideration of one dollar, but really none, except belief in their representations.

On obtaining the conveyance, intending to injure him, they laid out the town and located a colony on a different tract, and caused valuable improvements to be erected thereon; withheld the land so conveyed from market; refused to locate a colony thereon; would not allow others to do so, or to erect improvements thereon; and laid out streets and alleys in the new town so as not to harmonize with those in the old town, before platted in part upon the tract conveyed by him.

Defendant so managed in the location of the new town as to render orator's lands as valueless as possible, which conduct was from a desire and intent to cheat and defraud orator; defendant had no intention of carrying out its representations when made; and they were made to cheat and defraud him

and get the land without consideration. He would not have conveyed but for such representations. Defendant is bankrupt in character and fortune, and an action at law would be unavailing.

The answer denies Cowan's deed was obtained by fraud, or through fraudulent representations of defendant or its officers. Admits that a portion of the tract conveyed had been laid off in town lots. Denies that he relied upon the representations as charged in the bill in conveying to defendant, and denies the claim that such representations were the only consideration. Since the conveyance, defendant's conduct clearly proves and tends to show all representations or promises in consideration of conveying to it were made in good faith, and have been carried out and performed to the strict letter, and none that were false or fraudulent have ever been made by defendant or on its behalf to orator as set forth in bill. Denies laying out addition after the conveyance, causing lots and streets to run in different directions from those already laid out. At time of conveyance to defendant there was no legally organized town, or a town platted with maps duly recorded. In laying out town by defendant, great care was taken to lay out broad and regular avenues and streets, and with especial reference to buildings already erected, so as not to disturb or injure owners. Denies using any means or doing any act tending to render his lands worthless or depreciate them in value. Defendant rendered them more valuable, by expending large sums of money in developing the country in and about said town; induced large numbers of people to locate there; made valuable improvements thereabouts by constructing large irrigating canals; setting out and cultivating large number of shade trees on streets and avenues. All this tended to, and has greatly enhanced orator's lands in value, and rendered them more valuable. Denies refusing to sell any lots or parcels of the land so conveyed, or withholding from market. Defendant says orator is not entitled to relief against it, touching matters complained of in the bill.

The evidence was taken by a master, and upon the final hearing the court below entered a decree cancelling the deed.

We are of the opinion that the evidence does not warrant the decree.

All the witnesses agree that the consideration of the conveyance by Cowan to the Improvement Company was, in part at least, the location of its colony at the town of Fort Collins.

To this extent it sufficiently appears that it engaged, and its engagements in this respect were fulfilled. A large immigration and settlement were induced, and extensive improvements in building and the construction of irrigating canals were inaugurated and completed.

It is insisted, however, that the location of the business centre of the new town at the common corner of the four forties, or what seemed to be regarded as substantially the same thing, to leave the business centre of the old town undisturbed, entered into and formed a part of the consideration moving to Cowan.

While it appears from the evidence that this would have been to the interest of Cowan, and would have enhanced to a greater degree the value of the lands reserved by him, it does not sufficiently appear that the company, through its agents, engaged with reference to it, or that it definitely formed a part of the consideration inducing the conveyance.

The treaty for the Cowan forty extended over a period of two weeks, and was participated in by a number of persons at different times. Rhodes, Mason and Matthews, who engaged in the earlier negotiations as agents of the company, testify that they represented to Cowan that it was not the intention to disturb the old business centre, or as they sometimes put it, it was to be located at the common corner of the four forties. Howes, Meldrum and Cameron, who also engaged in the negotiations on behalf of the company, and who finally consummated them, testify that there was no understanding touching the location of the business centre, and that the controlling and only consideration was the location of the colony at Fort Collins instead of at La Porte, a location talked of and contemplated by the agents of the company, in case of failure to secure the Cowan forty. It cannot be said that the representations testified to by Rhodes, Mason and Matthews, were intended or received as a stipulation; they do not show that the location of the business centre formed a substantial part of the contract.

"In order that a misrepresentation may support an action, or be of any avail whatever as a ground of relief in equity, it is essential that it should be material in its nature, and should be a determining ground of the transaction. The misrepresentation must, in the language of the Roman law, be *dolus dans locum contractui*. There must be the assertion of a fact on which the

person entering into the transaction relied, and in the absence of which it is reasonable to infer that he would not have entered into at all, or at least not on the same terms. Both facts must concur; there must be false and material representations, and the party seeking relief should have acted on the faith and credit of such representations. * * * A misrepresentation goes for nothing unless it is a proximate and immediate cause of the transaction. It is not enough that it may have remotely or indirectly contributed to the transaction, or may have supplied a motive to the other party to enter into it. The representation must be the very ground on which the transaction has taken place." Kerr on Fraud and Mis., 73.

In the later and final negotiations, which resulted in the conveyance by Cowan, the location of the business centre does not appear to have been mentioned.

Great and permanent benefits have flowed to the complainant, by reason of the location of the appellants' colony at Fort Collins, as agreed upon, and his conveyance to the company should not be annulled except upon much clearer proof of fraud than appears in this record.

The decree of the court below is reversed, and the cause remanded.

*Haynes, Dunning & Haynes,* attorneys for appellant.

*L. H. Rhodes* and *Markham, Patterson, Thomas & Campbell,* attorneys for appellee.