### DAVIDSON v. KEEP.

1. **Contract**: RESCISSION OF: FACTS NOT CONSTITUTING. The intention
to rescind a contract must be manifested by some positive act; and a re-
scission, to be effectual, must be mutual, and affect all parties previ-
ously bound. It was accordingly *held* in this case, where one C. en-
tered into bond to convey land to defendant upon the payment of a cer-
tain amount in installments, and, the first installment being due and
unpaid, C. deeded the land to plaintiff, and afterwards assigned to him
the bond, that these facts did not constitute a rescission of the contract,
and that plaintiff was entitled to maintain this action against defendant
for the consideration money and for a foreclosure of the contract.

*Appeal from Lyon District Court.*

MONDAY, JUNE 11.

ACTION in equity to foreclose a bond for the conveyance of
real estate, judgment for the defendant, and the plaintiff ap-
peals.

*Van Wagenan & McMillan*, for appellant.

No appearance for appellee.

SEEVERS, J.—In 1877, Benoni G. Carpenter and the de-
fendant entered into a contract, whereby the former agreed to
convey to the latter in November, 1883, certain real estate,
provided the defendant paid a price agreed upon, and also
paid the taxes, which the defendant obligated himself to do.
The defendant failed to pay as he had contracted, and, be-
cause of such failure, the whole contract price, under the
terms and conditions of the bond, became due, and Carpenter
had the right to declare the contract void. A portion of the
amount the defendant agreed to pay was past due and unpaid,
including taxes, in August, 1881, and at that time, Carpen-
ter conveyed the premises by warrantee deed to the plaintiff,
and, in October following, Carpenter assigned the contract to
the plaintiff, who shortly thereafter brought this action. The

relief asked is that plaintiff recover a judgment against defendant, and to foreclose the contract; that the premises be sold, and a general execution issue against defendant for so much of the judgment as remains unsatisfied after the sale of the real estate. Before commencing the action, the plaintiff tendered a conveyance of the premises to the defendant in accordance with the contract. The defendant answered the petition, and therein disclaimed all interest in the premises, and pleaded that, because of the conveyance by Carpenter to the plaintiff, the defendant was released from the obligations of the contract; the defense being, as we understand, that the conveyance by Carpenter to the plaintiff amounted to a rescision of the contract, and this view seems to have been adopted by the district court. Possibly this conclusion would be correct, but for a fact to be now stated. The plaintiff testified: "The assignment of the bond to me and the deeding of the premises to me was all one transaction. The deed was made to me for the purpose of putting it in my power to protect the interest of Keep in the land, so I could make a deed upon his payment to me of the money; though, as a matter of fact, the dates are different." There was no evidence contradictory to this, and, therefore, it must be found as a fact that there was no intention to rescind, but that the contrary intent existed. The only thing which indicates an intent to rescind is the conveyance, and this is explained to have been made for the sole purpose of enabling the plaintiff to comply with the contract, and this he did by tendering a deed, which is in no manner objected to. The intention to rescind must be manifested by some positive act. *Walters v. Miller*, 10 Iowa, 427. There can be no question, under the evidence in this case, that the defendant could, upon a compliance on his part, have compelled the plaintiff to specifically perform the contract. If there was no rescision which was binding on him, none existed. For the rescision of a contract, to be effective, must be mutual, and affect all parties previously bound.

The evidence aforesaid was objected to as "irrelevant, immaterial, not properly rebutting, and not the best evidence." We are not advised of the reasons urged in the district court in support of the foregoing objections, and deem it necessary only to say that we think the evidence is clearly admissible, and sufficient to establish the fact above found.

REVERSED.