## No. 8605.

### HALM v. WRIGHT.

1. EQUITY—*Laches*. Equity will never rescind a contract for fraud in its procurement unless it is clearly established that the party complaining has not been guilty of laches in applying for relief.

Defendants' having purchased land and entered into possession, discovered that certain representations which induced their purchase were fraudulent; nevertheless they continued in possession, cultivating the land, and made three payments on account of the purchase price. Rescission was denied.

2. CONTRACTS—*Ratification*. In the year following their purchase of a tract of land, defendants brought an action against the vendor for the breach of a covenant of the latter to procure a purchaser of the lands at an advance upon the price paid by defendants. *Held* an affirmance of the contract, barring a subsequent action for a rescission of contract of purchase on the ground of fraud.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

Mr. CHARLES M. CORLETT, Mr. ROLAND HUGHES and Mr. GEORGE M. CORLETT, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court:

THIS action was brought by plaintiff in error to foreclose a mortgage given by defendants to secure payment of a note representing the balance of the purchase price of the mortgaged land. The answer admits the execution and delivery of the note and mortgage, but defendants by cross bill asked for a rescission of the contract of purchase, a cancellation of the note and mortgage sued upon, and judgment for the amount already paid to the plaintiff on the purchase price. As ground for rescission defendants alleged that the purchase was induced by false and fraudulent representations in respect to the value and character of the land.

Judgment was for defendants, the note and mortgage were ordered cancelled, the land was required to be reconveyed to plaintiff, subject to a lien for $6,422.50 in favor of defendants for money already paid to plaintiff upon the purchase price thereof, and the decree directed the sheriff to sell the land to satisfy such claim. Plaintiff brings the case here for review on error.

Many alleged errors are assigned, but it will be necessary to consider only those relating to the question whether defendants are chargeable with laches in failing promptly to demand a rescission, and whether by their acts and conduct they have in law confirmed the contract of sale.

The land was conveyed to defendants in February, 1910, and they went into possession the following month. They cultivated it in 1910 and continued to live on the property and cultivate it until 1913, at the time the cross bill was filed. They were in possession for more than two years before the action was begun to foreclose, and not until the commencement of that suit did they in any way repudiate the contract of purchase and sale, or seek a rescission of it.

It is axiomatic that the powers of a chancery court to rescind a contract on the ground of fraud cannot be exercised unless it be clearly established that the party seeking relief has been guilty of no laches after discovery of the fraud. *Auld v. Travis*, 5 Colo. App. 535, 39 Pac. 357; *Central Life Assurance Society v. Mulford*, 45 Colo. 240, 100 Pac. 423; *Brown v. Gordon-Tiger Co.*, 44 Colo. 311, 97 Pac. 1042. This rule is laid down in 6 R. C. L. 935, as follows:

"The right to elect to rescind a contract on the ground of fraud must be made promptly upon discovery of the fraud. If any act is done by the complaining party after discovering the alleged fraud toward perfecting or carrying out the contract it is an irrevocable election to abide by the contract."

This court in *Brown v. Gordon-Tiger Co.*, *supra*, in discussing the duty devolving upon one who conceives himself to be an injured party in a fraudulent contract, at page 322 says:

"It may be conceded that the defendant had the right to rescind the contract * * * but having failed to avail itself of that right in apt time, and by recognizing the contract as in force thereafter, it waived the right to rescind, and became as conclusively bound by the contract as if the fraud had not intervened. This rule is too well settled to admit of controversy. In *Grimes v. Sanders et al.*, 93 U. S. 55, 62, 23 L. Ed. 798, the rule is thus stated: 'Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted.' *Shappiro v. Goldberg*, 192 U. S. 232, 48 L. Ed. 419, 210 Sup. Ct. 59; *Richardson v. Lowe*, 149 Fed. 625, 79 C. C. A. 317; *Auld v. Travis*, 5 Colo. App. 532, 39 Pac. 357; *Stockham v. Adams*, 96 Ill. App. 152. In *Richardson v.*

*Lowe, supra,* Judge Adams, speaking for the court, said: 'Rescission of a contract on the ground of fraud is not a mental process, undiscovered and unacted upon. It requires affirmative action immediately on its discovery; some overt act and outward manifestation of the intention to clearly apprise the other party to the contract of the right asserted. *Melton v. Smith,* 65 Mo. App. 325; *Walters v. Miller,* 10 Iowa 427. * * * The duty of rescinding arises immediately upon acquiring knowledge of the substantial and material facts constituting the fraud. It is not requisite that the defrauded party shall be acquainted with all the evidence constituting the fraud before the duty to act by way of rescission arises. *Campbell v. Flemming,* I A. & E. 40; Fry Sp. Perf. Cont. (2nd Ed.), secs. 703, 704; *Bach v. Tuch,* 126 N. Y. 53, 26 N. E. 1019; *Taylor v. Short,* 107 Mo. 384, 17 S. W. 970. When he has evidence sufficient to reasonably actuate him to rescind the contract and on which he has once acted, no subsequent discovery of cumulative evidence can operate to excuse waiver of the fraud if one has in the meantime occurred, or to revive a once lost right of rescission. The election to waive the fraud, once deliberately made, is irrevocable. Vacillation or speculation cannot be tolerated."

The record conclusively shows an affirmance by the defendants of the contract. They continued to make payments on the land, after they were fully aware of the facts upon which the alleged fraud is herein predicated; there were at least three such payments, one of which was in a substantial sum, made more than two years after they took possession of the property.

It appears also that the defendants began an action against the plaintiff and others in August, 1911. The complaint set forth the fact of the sale of the land to them, and alleged one of the conditions of the purchase was an agreement by plaintiff in this action, in connection with others, to resell the land within one year from the date of purchase at a definite advance in price. Damages are claimed for the alleged breach of that covenant of the agreement. The bringing of that suit was an affirmance

of the contract, for clearly one who seeks damages for the breach of a covenant of a given contract of necessity must have elected to consider and treat the contract as of full force and effect.

It is equally manifest that the defendants slept upon their rights after discovery of the alleged frauds, and by retaining possession of the land, continuing payments thereon, and by bringing suit for an alleged breach thereof after such knowledge, are estopped to maintain this action. *Tilly v. Montelius Piano Co.,* 15 Colo. App. 204, 61 Pac. 483; *Reynolds v. Hart,* 42 Colo. 150, 94 Pac. 14.

For the reasons stated the judgment is reversed, and since this is conclusive against any action upon the contract it is unnecessary to consider the numerous other errors assigned and argued. The cause is remanded, with directions to the trial court to dismiss the cross bill and enter judgment on the note, and decree a foreclosure of the mortgage given to secure its payment.

Judgment reversed and cause remanded with directions.

Decision *en banc.*