John K. COLLINGS, Plaintiff,

v.

BUSH MANUFACTURING CO., Cecil Boling, The Heat Xchanger Co., Inc., James W. Hatch & Edward M. Flannery, Defendants.

United States District Court
S. D. New York.
April 6, 1956.

Logan Cresap, New York City, for plaintiff.

Gordon, Brady, Caffrey & Keller, New York City, for defendants.

RYAN, District Judge.

Plaintiff moves for an order granting leave to serve what he describes as a "supplemental complaint". Fed.Rules Civ.Proc. rule 15, 28 U.S.C.A.

Suit was filed August 25, 1954; the amended complaint was served on November 26, 1954; the proposed pleading is offered as supplemental to this. Pre-trial examinations have been had and trial is set for the April term.

The amended complaint in seventy separately numbered paragraphs alleges seven "causes of action" and concludes with a prayer that the defendants "account to plaintiff as to the extent and amount of the wrongs to plaintiff," that plaintiff have other relief of the various defendants as provided for by Sections 12 and 16 of the Securities Act of 1933, §§ 77l and 77p, 15 U.S.C.A., designed to make him whole, and in the alternative, that plaintiff recover a money judgment of the defendants in the amount of $300,-000. In sum, the suit as it now stands is brought solely on behalf and for the benefit of the plaintiff individually and seeks relief only for alleged wrongs to his property interests. All seven counts of the amended complaint allege claims arising from the transfer on August 25, 1953, by plaintiff to Bush Manufacturing of a 43% stock interest in Heat Xchanger for a 10% stock interest in Bush. This exchange plaintiff alleges he was induced to make by reason of acts of the defendants which were in violation of the provisions of the Securities Act of 1933 and 1934, Chaps. 2A & B, Title 15, 15 U.S.C.A. §§ 77a et seq., 78a et seq., which acts were first discovered by plaintiff on August 15, 1954, prior to the filing of this suit. The complaint contains general allegations of jurisdiction under both diversity and federal law; venue is also alleged.

The proposed pleading is not a supplemental or an amended complaint; it seeks to allege entirely new and separate claims on behalf of Bush and Heat Xchanger, and in effect, to join these present actual defendants as new and additional plaintiffs making the present plaintiff, not only an actual plaintiff seeking relief in his own right, but also a nominal plaintiff seeking relief on behalf of these two corporations, already named as defendants. Thus, the plaintiff describes himself in his proposed new pleading as suing "individually and as a stockholder of defendant Bush Manufacturing Co. and in the alternative, as a stockholder of the defendant Heat Xchanger Co., Inc., according to the outcome of this action."

The proposed complaint seeks to plead an additional derivative claim on behalf of Bush and alternatively an additional double derivative claim on behalf of Heat Xchanger. In this new count, plaintiff seeks in effect to institute new suits in behalf of new plaintiffs and asks for these new plaintiffs relief which is not sought in the present amended complaint and in which suit he is only a "nominal" plaintiff.

■■ Defendants contend that since the basis of jurisdiction of these derivative suits attempted is diversity, the court would have no jurisdiction over the individual defendants on this claim because as residents of Connecticut they are beyond the reach of the process of the court. With diversity present, as it is, jurisdiction exists over the subject matter and venue would be properly laid. Because of the statutory claims arising under the Act which are alleged in the amended complaint service was properly effected on all the defendants in the suit as presently filed. It appears that substantially the same facts alleged as supporting these claims asserted under a federal statute are now sought to be re-alleged in support of the derivative claims set forth in the proposed pleading. This may properly be done, for the alleged violations may give rise to statutory claims inuring to the benefit of more than one plaintiff. Plaintiff individually presently seeks recovery for a federally created wrong alleged to have been sustained by him; plaintiff by his proposed complaint seeks derivatively recovery for this federally created statutory wrong sustained by the two corporations; both are claimed to have resulted from the same acts alleged

to be wrongful, because in violation of the provisions of the Securities Act. Jurisdiction over the person of the defendants to enforce both claims exists because of Sec. 78aa, 15 U.S.C.A., and both claims now sought to be asserted on behalf of separate actual plaintiffs might have been joined in this one suit, if timely action had been taken. Stella v. Kaiser, D.C., 82 F.Supp. 301.

It is, however, neither fair, just nor equitable, nor would it promote efficient judicial administration to permit this to be done over defendants' objections at this state of the litigation and on the eve of trial.

Motion to serve the proposed pleading is denied. So ordered.