**Louis Earle LASCH**

v.

**Fred ANTKIES and Elayne Antkies.**

**No. 22567.**

United States District Court
E. D. Pennsylvania.
April 16, 1958.

Milford J. Meyer, Philadelphia, Pa., for plaintiff.

Jerome J. Shestack, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

The original complaint in this action sought rescission of a sale of stock made by defendants, citizens of New York, to plaintiff, a citizen of Pennsylvania, pursuant to a written agreement. The jurisdiction and venue on the original complaint are claimed solely under the Securities Act of 1933, 15 U.S.C.A. §§ 77*l* and 77v. The complaint was served on the defendants in New York under the terms of the above statute, which permits service of process wherever the defendant may be found. 15 U.S.C.A. § 77v.

Subsequently, plaintiff filed an amended complaint to include an action for misrepresentation, allegedly based on the Securities Act of 1933, supra, and a common law action for rescission, based upon mutual mistake. The defendants are now before the court challenging the service of the amended complaint as not being in accordance with F.R.Civ.P. 4(f) 28 U.S.C.A. because service was made only upon defendants' attorney in this District. The record indicates that defendants cannot be personally served in Pennsylvania at the present time.

■ For the purposes of this decision it will be assumed, without deciding, that Count 2 of the amended complaint is within the scope of the Securities Act of 1933, supra.[1] However, Count 3 of the amended complaint does set forth a common law cause of action[2] and serv-

ice must be made upon the defendants in the state in which the district court is held, which, in this case, is Pennsylvania. F.R.Civ.P. 4(f). See Moreno v. United States, 1 Cir., 1941, 120 F.2d 128; Johnson v. Scarborough, D.C.S.D.Tex. 1949, 88 F.Supp. 523, 525.

■ Congress has seen fit in 15 U.S.C.A. § 77v to provide for special service in cases brought under the Securities Act, which was apparently based upon public policy considerations. The provision cannot be carried beyond what Congress intended. Service of Count 3 of the amended complaint is not authorized by 15 U.S.C.A. § 77v and, therefore, the service requirements of the Federal Rules of Civil Procedure must control.

■ Plaintiff has advanced the argument that this service. of process may be sustained under the doctrine of ancillary. jurisdiction. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. As this case has been interpreted, the doctrine applies only to questions of jurisdiction and not to service of process. Pearce v. Pennsylvania R. Co., 3 Cir., 1947, 162 F.2d 524, certiorari denied 1947, 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350. Counsel has cited no authority[3] to permit "ancillary service" which was attempted to be made in the present case. Furthermore, it is reasonable inference that Congress, by enacting a special venue provision in a statute, did not intend to permit a party to do indirectly (through service of an amended complaint) what cannot be done directly (through service of the original complaint). F.R.Civ.P. 5(a) does not support the validity of service upon the at-

---

1. Defendants, at p. 2 of their brief, refer to Count 2 as a common law cause of action, which is contrary to the allegation in the amended complaint. If plaintiff wishes to file and serve an amended complaint containing Counts 1 and 2 of the amended complaint, defendants can bring that contention before the court, but the inclusion of Count 3 in the amended complaint makes it unnecessary to decide this point.

2. A reading of Count 3 does not support the construction which plaintiff places upon it on page 6 ff. of his brief in an attempt to bring it within the Securities Act. It should also be noted that paragraph 4 of Count 1 (jurisdiction and venue) was incorporated into Count 3 as it was in Count 2.

3. Counsel's letters of 2/17/58, 2/19/58 and 2/21/58, as well as the briefs, have been placed in the Clerk's file.

torney of record. The rule does permit service of an amended complaint upon counsel, but no authority has been furnished which shows the operation of the rule where the amended complaint contains an entirely different cause of action which could not have been properly served originally by the method used in serving the original complaint. The United States Court of Appeals for the First Circuit used this language in Moreno v. United States, supra, 120 F.2d at page 130:

> "Here, Mrs. Bathurst was served in New Jersey as specially provided for in § 19 of the World War Veterans' Act [38 U.S.C.A. § 445], and the court below thereby acquired jurisdiction over her for the limited purpose of adjudicating her claim to the proceeds of the insurance policy. Her act of appearing and filing an answer did not give the court below jurisdiction over her—the court already had jurisdiction for the restricted purpose stated, by virtue of the service of process on Mrs. Bathurst in New Jersey. Hence her appearance did not constitute any sort of 'waiver' as claimed by appellant, nor did it estop Mrs. Bathurst from insisting that in a suit against the United States under § 19 she could be summoned in as a third-party defendant only for the purpose of determining whether she was entitled to the proceeds of the policy."

In view of the possibility that defendants might at a later date be properly served in Pennsylvania, in accordance with the terms of F.R.Civ.P. 4, defendants' Motion To Dismiss will be treated as a motion to set aside and vacate service of the amended complaint,[4] with leave granted to defendants to renew the motion to dismiss the amended complaint if proper service is not made within a year from the date when that complaint was filed.

Order sur defendants' motion to dismiss counts 2 and 3 of amended complaint (Document No. 14 in Clerk's File).

And now, April 16, 1958, it is ordered that service of the amended complaint is set aside and vacated.

---

4. Cf. Thompson v. Trent Maritime Co., Ltd., D.C., 149 F.Supp. 468, 1957 A.M.C. 781.