**STERLING HEEL CO.**

v.

**MISSOURI HEEL COMPANY.**

**Civ. A. No. 63–399–F.**

United States District Court
D. Massachusetts.

Oct. 23, 1963.

Norman M. Goldberg, Morrison, Mahoney & Miller, Boston, Mass., for plaintiff.

Louis Kobrin, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff in this action, a Massachusetts corporation, was in 1961 lessee of an industrial building in Chelsea, Massachusetts and owner of certain equipment and inventory used by it in the manufacture of shoe heels. Defendant is a Missouri corporation. Sometime in 1961 negotiations began between representatives of these two corporations looking to a possible sale of Sterling's heel business to Missouri. Part of these negotiations were carried on in Massachusetts during a visit of Slosberg, defendant's president and treasurer, to the Boston area. As a result of these negotiations a contract was signed on May 15, 1962 between these two corporations. Under the terms of the contract Sterling granted to Missouri a sublease of the real estate and a lease of the equipment therein owned by Sterling for a term of three years at a rental of $300 per week. There were additional provisions relating to use of Sterling's inventory by Missouri, sales by Missouri to Sterling's customers, sale of a motor vehicle owned by Sterling to Missouri, and payment of taxes, insurance premiums and utilities charges.

Missouri itself never occupied the premises or conducted any manufacturing operations there. However, sometime after May 15, 1962 Boston Heel Company, a subsidiary of Missouri, was formed, which did carry on manufacturing activities in the premises in question. Sterling made no modification of its contract with Missouri. On March 19, 1963 Missouri sent a letter to Sterling giving notice it was rescinding the lease.

Sterling brings the present action to recover damages for an alleged breach by Missouri of the May 15, 1962 contract. Service of process was made on the state secretary under Mass.G.L. Ch. 181, § 3A. Defendant moves to dismiss or quash service of summons on the ground that it is not doing business in Massachusetts and hence is not subject to service under § 3A.

Missouri, apart from the transaction involved here, had no property or assets in Massachusetts, was not registered to do business here, had no place of business, no telephone listing and no bank account, and solicited no business here. Subsequent to the execution of the May 15, 1962 contract it did have a wholly owned subsidiary doing business here. However, there was no evidence that this subsidiary in any way acted as an agent of defendant. Consequently, the essential question is whether the negotiations and execution of the May 15, 1962 contract with plaintiff was a sufficient doing of business to subject defendant to the jurisdiction of the Massachusetts courts. The question must be decided first of all by determining whether, in the present situation the courts of Massachusetts would assert jurisdiction. If that should be the case there would arise a second question as to whether such an assertion of jurisdiction would violate the limits imposed by the federal constitution. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194.

In recent years decisions, both of this court and of the Massachusetts court, have tended to broaden the scope of the definition of "doing business" as used

988

in the Massachusetts statutes, particularly so as to assert jurisdiction on the basis of solicitation of business either alone or with some slight additional activity. No case has been found in which on any set of facts similar to those present in this case, it was held that Massachusetts would assert jurisdiction. In all of these cases, whatever the nature of the activity on which jurisdiction was based, it was found that the foreign corporation was engaged in regular, continuous and systematic activity. No case has gone so far as to base jurisdiction on a single transaction such as that in which defendant participated here; rather such a "one-shot" transaction has been rejected as a basis for jurisdiction. Waltham Precision Instrument Company, Inc. v. McDonnell Aircraft Corporation, D.C., 203 F.Supp. 539, affirmed 1 Cir., 310 F.2d 20.

Defendant's motion to dismiss is allowed.