James WILENSKY

v.

STANDARD BERYLLIUM COR-
PORATION.

Israel JOSEPHS

v.

STANDARD BERYLLIUM COR-
PORATION.

Henrietta HOROWITZ, Executrix of
Estate of Louis Horowitz

v.

STANDARD BERYLLIUM COR-
PORATION.

Louis KULIN

v.

STANDARD BERYLLIUM COR-
PORATION.

Civ. A. Nos. 62–964–C, 62–966–C,
62–967–C, 62–968.

United States District Court
D. Massachusetts.

April 21, 1964.

Jerome P. Facher, Boston, Mass., for plaintiffs.

James W. Noonan, Boston, Mass., for defendants.

CAFFREY, District Judge.

These four cases are brought by four individual purchasers of common stock in the defendant corporation. The sales were allegedly made in Massachusetts by defendant in December 1960 and January 1961. The defendant is organized under the laws of New York, has a principal place of business in New York, and is neither incorporated nor licensed to do business in Massachusetts. Jurisdiction of this Court is based on Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v, on Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, and on diversity of citizenship, 28 U.S.C. § 1332.

Service was made upon the defendant pursuant to Mass.Gen.Laws, ch. 181, secs. 3–5, by serving a copy of the complaint and summons upon the Massachusetts Commissioner of Corporations and Taxation. A second service in these cases was made upon the defendant in New York pursuant to 15 U.S.C. § 77v and 15 U.S.C. § 78aa, providing for extraterritorial service for suits brought under those Acts. The defendant has moved to quash service on the grounds (1) that it is not "doing business" in Massachusetts within the meaning of Mass.Gen.Laws, ch. 181, secs. 3–5, and therefore any substitute service is thus invalid, and (2) that out-of-state service on claims arising under Massachusetts statutory and common law provisions is invalid.

The first issue raised is whether the defendant was "doing business" within the Commonwealth within the meaning of Mass.Gen.Laws, ch. 181, sec. 3A, so as to allow service of process upon the Secretary of State (at the time of service the Commissioner of Corporations was the appropriate official to be served under Massachusetts law) acting in the name of foreign corporations who "do business" in Massachusetts without appointing an agent to accept service according to Mass.Gen.Laws, ch. 181, sec. 3. Counsel for defendant submitted an affidavit stating that the defendant corporation is engaged almost exclusively in a mining operation in Brazil and maintains an office for its president and secretary in New York. The defendant has never maintained any sales office, branch office, bank account, or any other property, real or personal, in this Commonwealth. The corporation has never sent or requested or instructed any agent or employee to enter this Commonwealth for the purposes of selling or soliciting purchases of the corporation's products, and no such agent or employee of the corporation has so entered the Commonwealth.

The sole Massachusetts activity of any relevance was the sale by an independent stock brokerage firm of stock in the defendant corporation and the alleged solicitation and sale of stock to plaintiffs by defendant's president and a director at meetings for that purpose held in Massachusetts in 1960.

While it is clear that a sale or solicitation of a sale within the Commonwealth of a commodity which is included among the usual products of a foreign corporation may form the basis for substituted service of process upon the Secretary for an action arising out of that sale or solicitation for sale (Radio Shack Corp. v. Lafayette Radio Electronics Corp., 182 F.Supp. 717, 720 (D.Mass. 1960); Jet Mfg. Co. v. Sanford Ink Co., 330 Mass. 173, 112 N.E.2d 252 (1953); Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230 (1952)), and it is also clear that where the sale of stock is the customary business of a given corporation it may thus be served (see Booth v. Scott, 276 Mo. 1, 205 S.W. 633 (1918)), there is no Massachusetts decision dealing with the instant situation where a corporation whose ordinary business is not stock transactions has made a limited sale of stock within this Commonwealth. The distinction between the transaction of that business for

which the corporation was formed and of business which may be merely within the powers of the corporation is vital. Statutes such as Mass.Gen.Laws, ch. 181, secs. 3–5, have been generally interpreted to cover only the former transactions rather than the latter. Those jurisdictions which have considered this type question have, as a rule, determined that such activity may not properly serve as a basis for substituted service. See cases collected at 35 A.L.R. 625; 23 Am.Jur. sec. 369; 20 C.J.S. Corporations § 1837.

 Considering the *ad hoc* nature and the lack of "a sustaining endeavor with a significant degree of permanency and continuity," Waltham Precision Instrument Co. v. McDonnell Air Corp., 310 F.2d 20, 24 (1 Cir. 1962), it would be more consistent with the construction given to Mass.Gen.Laws, ch. 181, sec. 3A, not to extend the provisions of this statute to a sale of stock which is not the customary product of the defendant corporation and where there is no additional business activity within the state. Sterling Heel Co. v. Missouri Heel Co., 222 F.Supp. 986 (D.Mass.1963). The service pursuant to Mass.Gen.Laws, ch. 181, is accordingly quashed.

██ In any suit or action brought to enforce liabilities or duties created by the 1933 and 1934 Acts, the provisions of 15 U.S.C. 77v and 78aa allow process to be served in any other district of which defendant is an inhabitant or in which defendant may be found. Defendant's objection to the service of process upon it in New York in these cases raises the question whether these provisions of sections 77v and 78aa are broad enough to validate herein service upon defendant in New York of claims pendent to the federally created claims. Those cases which have allowed such an extension of these provisions for extraterritorial service have done so by analogy to the rationale behind pendent jurisdiction of the case as stated in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). "Reasons of judicial economy— which justify the judicially created doctrine of pendent jurisdiction—suggest

sustaining the service of process as to the pendent non-federal claims." Cooper v. North Jersey Trust Co., 226 F.Supp. 972 at 980 (S.D.N.Y.1964). See, also, Townsend Corp. of America v. Davidson, 222 F.Supp. 1 (D.N.J.1963); Collings v. Bush Mfg. Co., 19 F.R.D. 297 (S.D.N.Y. 1956); Stella v. Kaiser, 82 F.Supp. 301 (S.D.N.Y.1948); Sure-Fit Products Co. v. Fry Products, 23 F.Supp. 610 (S.D. N.Y. 1938).

However, the question involved in Hurn was whether the Federal judicial power "extends to the decision of the whole case * * * [or] merely "to those parts of cases only which present the particular question involving the construction of the constitution or the law.' " Strachman v. Palmer, 177 F.2d 427, 431, 12 A.L.R.2d 687 (1 Cir. 1949), Magruder, C. J. concurring. Thus, perhaps in part prompted by "considerations of convenience and economy of judicial administration," the statutory grant of judicial power to the federal district courts over the "action," 28 U.S.C. § 1331, was interpreted as power over all the ingredients of the "action." Unlike the instant situation there was no provision of law expressly forbidding a result admittedly based on judicial economy.

Here, however, we are faced with the express provisions of federal law that unless otherwise provided by statute, service must be made within the territorial limits of the state in which the district court is held. Rule 4(f), Federal Rules of Civil Procedure. While it clearly would be within the competence of Congress in cases involving pendent claims to allow the process of the district court to run into every part of the United States, Toland v. Sprague, 37 U.S. (12 Pet.) 300, 9 L.Ed. 1093 (1838); United States v. Union Pacific R. R. Co., 98 U.S. 569, 604, 25 L.Ed. 143 (1878), this must be done expressly, and such an intent is not to be read into a statute by implication. Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119 (1925). It seems extremely doubtful that in enacting the provisions for extra-territorial service on claims

arising out of violations of federal laws, Congress intended out-of-state defendants to be subject to whatever the various peculiarities of distant state law might be. International Ladies' Garment Workers' Union v. Shields & Co., 209 F.Supp. 145 (S.D.N.Y.1962); Lasch v. Antkies, 161 F.Supp. 851 (E.D.Pa.1958). Any departure from the general rule of necessity of service within the district must be "clearly expressed," and once established must be "carefully guarded" against expansion. Robertson v. Railroad Labor Board, supra, 268 U.S. at 624, 45 S.Ct. 621, 69 L.Ed. 1119; 2 Loss, Securities Regulation, 1011–12. See, also, Phillips v. Murchison, 194 F.Supp. 620 (S.D.N.Y.1961); Schwartz v. Bowman, 156 F.Supp. 361 (S.D.N.Y.1957), appeal dismissed sub nom. Schwartz v. Eaton, 264 F.2d 195 (2 Cir. 1959); Kappus v. Western Hills Oil, Inc., 24 F.R.D. 123 (E.D.Wis.1959); United States v. Krasnov, 109 F.Supp. 143 (E.D.Pa.1952).

As this Court acquired jurisdiction over the defendant for the limited purpose of adjudicating the federal claims, cf. Moreno v. United States, 120 F.2d 128, 130 (1 Cir. 1941), the pendent claims must be and hereby are stricken from plaintiffs' complaints.

It appearing that of the five original claims of plaintiffs only three are now before the Court, that identical suits based on the five claims of the same plaintiffs were instituted against the defendant in the Southern District of New York in December 1962, and that the totality of the questions in controversy between the parties can be completely settled and the relief sought more expeditiously and effectively afforded as to all five claims in those actions, in the interest of economy of time for the Court, counsel and litigants, the piecemeal proceedings in these cases are hereby stayed pending the result of the New York suits where the entire controversy can be decided in one trial, provided, however, that the defendant herein may at any time apply for a vacation of this order by reason of the failure of the complainants in said causes now pending

in the New York court to prosecute the same with due diligence, or that any party may apply for the vacating of this order for any good and sufficient cause hereafter arising.