Adolph C. HUBER, Carol Wacker, Joanne Fortunato, and Charles L. Wacker, Administrator for the Estate of Alice A. Wacker

v.

Alfred E. BISSEL et al., Partners, Associated in Business under the common name and style of Laird, Bissell and Meeds

and

Jules D. Hoffstein, an individual, also known as "Ace" Hoffstein.

Civ. A. No. 36636.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1965.

Dante Mattioni, Philadelphia, Pa., for plaintiffs.

Eugene F. Waye, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant Hoffstein.

**VAN DUSEN, District Judge.**

This case comes before the court on the motion of the defendant, Jules D. Hoffstein (hereinafter called "Hoffstein") to dismiss certain Counts of the Amended Complaint (Document 14). The facts set forth in the record and at the hearing on November 1, 1965, indicate that early in 1961 the plaintiffs, induced by the allegedly false representations of the defendant Hoffstein, an employee of Laird, Bissell and Meeds, investment brokers of Wilmington, Delaware, purchased certain securities in a mushroom enterprise which later collapsed, resulting in substantial loss to the plaintiffs who now, by the present suit, are seeking to hold Hoffstein and his employer liable for such loss.

The original Complaint was filed on October 9, 1964, and at that time consisted of three Counts. The first Count was based on alleged violations of the Securities Act of 1933 [1] and the Securities and Exchange Act of 1934.[2] The second Count was based on alleged violations of the Pennsylvania Securities Act of 1939.[3] The third Count was based on allegations of common law fraud. Service was attempted on Hoffstein under the long arm provisions of the Pennsylvania Securities Act [4] by mailing the Complaint to the Pennsylvania Securities Commission, Harrisburg, Pa. The Commission forwarded a copy of the Complaint, along with its letter of November 10, 1964, to Hoffstein's employer, Laird, Bissell and Meeds, in Wilmington, Delaware (Document 32, Exhibit A). Whether or not this attempted service was effective for any purpose is at issue here,[5] but it is clear that Hoffstein had knowledge of the proceedings instituted against him by December 1, 1964 (at the latest) because on that date counsel for Hoffstein filed a motion to dismiss the action (hereinafter called "Motion To Dismiss The Original Complaint").[6]

On March 12, 1965, the plaintiffs filed a motion for leave to amend the Complaint (Document 11) and on April 9, 1965, the plaintiffs filed an Amended Complaint (Document 12). This Amended Complaint differed from the original Complaint in two respects. First, Counts 1 through 3 were worded differently but still alleged substantially the same cause of action and, secondly, Counts 4 through 6 were added. These last three Counts were based on money had and received (Count 4), amounts owing on certain promissory notes (Count 5), and wilful, reckless or negligent conduct of the defendants (Count 6).

On April 28, 1965, defendant Hoffstein filed a motion to dismiss Counts 2 through 6 of the Amended Complaint

---

1. 48 Stat. 84, as amended, 15 U.S.C. § 77q (1958).

2. § 10(b), 48 Stat. 891 (1934), 15 U.S.C. § 78j(b) (1958).

3. Act of June 24, 1939, P.L. 748, re-enacted and amended 7/10/41, P.L. 317, § 1, 70 P.S. § 32 (section i).

4. Act of June 24, 1939, P.L. 748, § 5, as amended, 70 P.S. § 35 (Supp.1965).

5. Due to the waiver of objection to personal jurisdiction with respect to Counts 1–3, as stated below, it is not necessary to decide the point, but there is certainly some doubt that this record shows compliance with the statute cited in footnote 4.

6. Document 5—"MOTION TO DISMISS THE ACTION AS TO DEFENDANT JULES D. HOFFSTEIN":
   "Jules D. Hoffstein, named as a defendant, moves the Court as follows:
   "1. To dismiss the action as to Jules D. Hoffstein because the complaint fails to state a claim against him upon which relief can be granted, in that the complaint fails to allege necessary jurisdictional facts.
   "2. To dismiss the action as to Jules D. Hoffstein because the complaint fails to identify the specific securities alleged to have been sold."

(Document 14, hereinafter called "Motion To Dismiss Amended Complaint").[7]

With the case in this posture, the Hon. C. William Kraft, Jr. heard argument on the motions of the plaintiffs to amend the Complaint and the motions of certain defendants to dismiss and entered the following order:[8]

"NOW, May 18th, 1965, after examination and consideration of the entire record and the correspondence from counsel to the Court, hereto appended, it is ordered that:

"1. Plaintiffs' motion for leave to amend complaint is granted, nunc pro tunc, as of April 9, 1965.

"2. Leave is granted defendant Jules D. Hoffstein to withdraw his motion to dismiss the action which was filed December 1, 1964.

\*   \*   \*   \*   \*

"4. The motion of defendant Jules D. Hoffstein, filed April 28, 1965, to dismiss certain counts of the complaint, as amended, shall be placed upon the next available argument list of any Judge of this Court."

On May 19, 1965, in accordance with paragraph 1 of the Order of Judge Kraft,

the defendant Hoffstein withdrew [9] his motion to dismiss the original Complaint and, in accordance with paragraph 4, the defendant Hoffstein's "Motion to Dismiss The Amended Complaint" was placed on the argument list of the undersigned.

## I. *Jurisdiction Over The Person*

At the outset, it should be noted that the defendant Hoffstein made an appearance in this court on December 1, 1964, when he made his first motion to dismiss.[10] Since Hoffstein made no objection on December 1, 1964, to service of process as he could have done under Rule 12, and since all parties admit that Hoffstein could have been properly served as to any claim (such as Count 1) under the Securities Exchange Act (15 U.S.C. § 77v),[11] it is not now significant as to Counts 1–3 that Hoffstein was never actually served personally. By not objecting to service of process or jurisdiction over the person in the Motion to Dismiss the original Complaint and by voluntarily appearing, through filing that Motion to Dismiss, Hoffstein has waived any objections to the manner in which service was made and he has conceded that he can be served in accordance with

---

7. Document 14—"MOTION OF DEFENDANT JULES D. HOFFSTEIN TO DISMISS CERTAIN COUNTS OF THE COMPLAINT":

"Jules D. Hoffstein, named as a defendant, moves the Court:

"1. To dismiss Counts 2 through 6 of the Complaint on the ground that the Court is without jurisdiction of the subject matter thereof.

"2. To dismiss Counts 2 through 6 of the Complaint on the grounds that plaintiffs have not secured to the Court jurisdiction of the person of Jules D. Hoffstein with respect to said Counts.

"3. To dismiss Counts 4 and 5 of the Complaint on the ground that said Counts fail to plead necessary material facts.

"4. To dismiss Counts 2 through 6 of the Complaint on the ground that they fail to state claims upon which relief can be granted."

8. Document 15.

9. Document 16.

10. Local Rule 11 provides:

"(a) The filing of a pleading, motion or stipulation shall be deemed an entry of appearance. Other appearances of counsel shall be by praecipe filed with the Clerk.

\*   \*   \*   \*   \*

"(c) An attorney's appearance may not be withdrawn except by leave of Court, unless another attorney of this Court shall at the same time enter an appearance for the same party."

11. Page 2 of plaintiffs' brief (Document 31) and page 6 of defendant's brief (Document 32). On the latter page, the following language appears: "Service with respect to the first count of the complaint is not contested for the reason that extraterritorial service may be obtained by virtue of 15 U.S.C.A. § 77(v)."

15 U.S.C. § 77v, which provides for extraterritorial service in cases alleging violations of the Securities Act of 1933 (see quoted language in footnote 11).

■ Since Hoffstein is regarded as having been properly served under 15 U.S.C. § 77v and he did not raise the issue of jurisdiction over the person in his original Motion, he has waived the defense of lack of jurisdiction over the person as to the original Complaint.[12] Rule 12(h), F.R.Civ.P., explicitly states that "[a] party waives all defenses and objections which he does not present either by motion as herein provided or, if he has made no motion, in his answer or reply * * ." Hoffstein's failure to assert the defense of lack of jurisdiction over the person in his Motion to Dismiss the original Complaint effectively bars his subsequent raising of that defense as to Counts 1–3 of the Complaint. Here the May 18, 1965, order of Judge Kraft permitted Hoffstein to withdraw the Motion to Dismiss the original Complaint [13] (which Hoffstein subsequently did—see Document 16) and recognized the pending Motion to Dismiss the Amended Complaint. Although the withdrawal of the Motion did not amount to a withdrawal of Hoffstein's appearance as far as the Counts of the original Complaint are concerned, under the reasoning of Judge Maris in Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871 (3rd Cir. 1944), Hoffstein would still be free to assert the defense of lack of jurisdiction over the person to the Counts added to the Complaint as of April 9, 1965, because "within the time allowed for serving the answer (to such counts) the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance." 139 F.2d 874.

■ Assuming that Hoffstein's objection to personal jurisdiction has been validly asserted, it is clear that he has raised a good defense to Counts 4–6, since the only way that this court could have obtained jurisdiction over Hoffstein on Counts 4 through 6 would have been through proper service on him of those Counts.[14] The fact that defendant Hoffstein may have been willing to waive his right to object to jurisdiction over his person as to Counts 2 and 3 by filing the Motion to Dismiss in December 1964 does not mean that he waived jurisdiction over his person as to any causes of action plaintiffs decided to add to the Complaint

---

12. The changes in wording in the first three Counts in the Amended Complaint do not amount to a significant difference from the language used in these Counts in the original Complaint.

13. The undersigned construes the May 18, 1965, order as meaning that the defendant Hoffstein's Motion to Dismiss the Amended Complaint was to be ruled on as a timely filed objection to the Amended Complaint. If counsel believe that this was not Judge Kraft's intention, they may file a motion to suspend the attached order and apply to Judge Kraft for clarification.

14. Judge Maris used this language in the Orange Theatre Corp. case, supra, at pages 874–875:
"It will thus be seen that Rule 12 permits a defendant to raise a jurisdic-

tional defense even though his voluntary appearance has already called into existence the potential power of the court to adjudicate the merits of his controversy. The rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him the power which his appearance has given it.
        *       *       *       *       *
"It has long been held that a federal district court cannot, in the absence of an authorizing statute, issue process for service beyond the limits of the district. * * *
        *       *       *       *       *
"Under the Rules of Civil Procedure a defendant under these circumstances is entitled to dismissal. * * * "

later.[15] Service under 15 U.S.C. § 77v is not effective service on Counts 4 through 6 because the doctrine of ancillary jurisdiction over the subject matter (cf. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148) does not extend to ancillary service. Lasch v. Antkies, 161 F. Supp. 851 (E.D.Pa. 1958).

The undersigned is not persuaded by the able argument of the plaintiffs that either Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), or any other appellate decision justifies the failure to apply the principle of Lasch v. Antkies to the facts in this case. The public policy considerations supporting well established principles of *stare decisis* and consistency of the law make it desirable that any extension of the rules governing service of process on persons in other jurisdictions be made by the legislature or the appellate courts. This is especially true where, as here, the claims under Counts 4–6 are quite different from those alleged under Counts 1–3. Cf. United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971 (D.Del. 1964).

Although plaintiffs point out that the District of New Jersey and some other Federal District Courts have not followed the principle in Lasch v. Antkies, supra, defendant points out that the above New Jersey decision has been considered and rejected in at least two more recent Federal Court decisions which have followed the rule of this District. See Wilensky v. Standard Beryllium Corporation, 228 F. Supp. 703, 705–706 (D.Mass. 1964), and Trussell v. United Underwriters, Ltd., 236 F.Supp. 801, 803–805 (D.Col. 1964). In the Trussell case, the court concluded at page 804: "It would appear that the statutory approach to service of process has been such as to discourage implied extensions."

II. *Jurisdiction over the Subject Matter*

The Motion to Dismiss the original Complaint (see footnote 6) objects to the jurisdiction of the court over the subject matter of the first three Counts of the pending Complaint. It is conceded by defendant Hoffstein that this court has jurisdiction over Count 1. Under the decisions of the United States Court of Appeals for the Third Circuit, this court has jurisdiction over the subject matter of Counts 2 and 3 on a pendant basis. See Borror v. Sharon Steel Company, 327 F.2d 165, 172–174 (3rd Cir. 1964), and cases cited therein. Also, it is noted that diversity of citizenship exists between plaintiffs and defendant Hoffstein.

Since there is no jurisdiction over the person of the defendant Hoffstein as to Counts 4–6, it is not necessary to discuss (a) whether there is subject matter jurisdiction of these Counts or (b) the other objections to these Counts raised in the Motion now before the court (Document 14).

Counts 4–6 will be dismissed as to defendant Hoffstein.

### ORDER

And now, December 22, 1965, it is ordered that:

(a) paragraph 2 of the Motion of Defendant Jules D. Hoffstein to dismiss certain counts of the complaint (Document 14) is granted in part and denied in part;

(b) Counts 4 through 6 of the Amended Complaint (Document 12) are dismissed as to defendant, Jules D. Hoffstein, without prejudice; and

(c) in all other respects, the above-mentioned Motion (Document 14) is dismissed.

15. In cases such as P. Beiersdorf & Co. v. Duke Laboratories, 10 F.R.D. 282 (S.D.N.Y.1950), there was no showing that the Amended Complaint added new causes of action concerning which defendant had no notice when it waived any objections to jurisdiction over the person as to the original Complaint.