Bertha BEHLKE, Plaintiff,

v.

**METALMECCANICA PLAST, S. P. A.,**
**Defendant.**

**DANSON CORPORATION LIMITED,** a
foreign corporation, Defendant and
Third Party Plaintiff,

v.

**PENINSULAR MACHINERY COMPA-**
**NY,** Third Party Defendant.

**Civ. A. No. 35963.**

United States District Court,
E. D. Michigan, S. D.

Sept. 28, 1973.

Dice, Sweeney & Sullivan, Detroit, Mich., for plaintiff.

Gilbert C. Cox, Jr., David V. Martin, Floyd S. Westcott, Alexander, Buchanan & Seavitt, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Bertha Behlke (Behlke) filed a lawsuit against Danson Corporation, Ltd. (Danson), a Canadian corporation. Her lawsuit arose from an injury she received at her place of employment, the Metal Products Corporation. The complaint alleges that the press which severed Behlke's hand was sold to the employer by the defendant Danson.

Danson was granted leave to file third party complaints against Metalmeccanica Plast, S.P.A. (Metalmeccanica). For the next eleven months the various parties engaged in pretrial discovery. As a result of the discovery, the court permitted Danson to file a third party complaint against Peninsular Machinery Company (Peninsular). Thereafter the original plaintiff Behlke was given leave to amend her complaint, adding Metalmeccanica as a principal defendant.

Metalmeccanica filed a motion to dismiss, alleging that this court lacks personal jurisdiction over it. The motion does not specify to which complaint it is directed, although subsequent filings make clear that the motion is directed to both Behlke's complaint, and to Danson's third party complaint. Further discovery was necessary before the motion could be briefed, argued and decided.

The record discloses the following facts. Metalmeccanica is an Italian corporation, located in Milan, Italy, and is engaged in the manufacture of plastic molding machines. It sells, exclusively to Danson, all its products to be used in North America. Danson in turn resells Metalmeccanica products to Peninsular, who in turn resells to the ultimate user, which in this case was plaintiff Behlke's employer. Metalmeccanica is not incorporated or authorized to do business in Michigan nor has it consented to service of process in Michigan.

The press which injured Behlke was ordered from Peninsular, F.O.B., New York. Peninsular forwarded the order to Danson, who in turn ordered the press from Metalmeccanica, F.O.B., the Italian border. The press was shipped from Italy to New York and from New York by truck to the employer in Michigan, all after the order was placed.

Metalmeccanica contends there can be no personal jurisdiction over it because there are insufficient contacts with the State of Michigan to justify this court's exercise of power over it pursuant to Rule 4(d)(7) of the Federal Rules of Civil Procedure.

There is more than a little controversy among the parties as to exactly how much contact Metalmeccanica has with Michigan. Metalmeccanica submits affidavits which show they have only sent five presses of this type to the United States, and only one of which came to Michigan. Behlke, on the other hand, submits affidavits from a Peninsular corporate officer wherein it is shown that in excess of forty different Metalmeccanica products have been shipped to Michigan. Neither affidavit is conclusive for none of the contacts shown by either party indicates that Metalmeccanica is subject to general jurisdiction in Michigan. The acts shown do not constitute " . . . the carrying on of a continuous and systematic part of its general business within the state." M.C.L.A. § 600.711.

The question then becomes whether the extended jurisdiction or long arm statute, aiming as it does at specific acts of the defendant that cause the liability, can be used to acquire jurisdiction over the defendant Metalmeccanica. M.C.L.A. § 600.715.

Three possible theories for the recovery of common damages are stated in the complaint; negligence, breach of implied warranty and breach of express warranty. Each claim will be considered separately.*

### The Negligence (Tort) Claim

This state has a broad long arm statute, M.C.L.A. § 600.715. Paragraph (2) of that statute reads as follows:

"The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort [is a sufficient basis for] courts of record of this state to exercise limited personal jurisdiction over such corporation and . . . to render personal judgments against such corporation arising out of the act or acts which create [the relationship]." M.C.L.A. § 600.715(2).

The Michigan Supreme Court has liberally interpreted that statute. Woods v. Edgewater Amusement Park, 381 Mich. 559, 165 N.W.2d 12 (1969). In that case, Schiff, a Florida corporation, manufactured a carnival ride known as the Wild Mouse. Schiff had sold the Wild Mouse to Haney of New Jersey. Haney resold to Stahl, a Michigan corporation. Schiff, the Florida corporation, helped Stahl to refinance the purchase price of the Mouse at a Florida bank. The court, which quoted extensively and with approval from Gray v. American Radiator and Standard Sanitary Corporation, 22 Ill.2d 432, 176 N.E.2d 761 (1961), did not place any emphasis on the Florida refinancing in ruling Schiff was properly before the court. Indeed, to the contrary, they laid great stress, to the point of italicizing the phrase, upon

the actual wording of M.C.L.A. § 600.-715(2) wherein a corporate defendant is subject to personal jurisdiction if he caused a *consequence to occur* in Michigan resulting in an action for tort.

It is quite apparent that the Michigan Supreme Court would hold the Italian defendant, Metalmeccanica, to be properly before this court on the negligence count, it certainly having been properly alleged that the defendant caused a consequence to occur within this state.

This conclusion accords with the better application of the law in factual settings similar to this. Gray v. American Radiator and Standard Sanitary Corporation, *supra*. C. F. Currie, The Growth of the Long Arm; Eight Years of Extended Jurisdiction in .Illinois, U.Ill.L.F., 533, 550 (1963). The theory on which this statute is based is that manufacturing and placing a product into the stream of commerce, knowing that it is to be used somewhere and that it might cause injury, creates a relationship between the state where the injury occurs and the defendant manufacturer close enough to justify the exercise of judicial power by the courts in the state of injury. International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). We hold that the defendant Metalmeccanica's motion to dismiss is overruled so far as the claims are based on negligence.

### The Breach of Implied Warranty Claim

The Michigan long arm statute makes no reference to actions for personal injury based on implied warranty. M.C.L.A. § 600.715(2) is applicable only to "an action for tort".

Since the adoption of this statute in 1962, liability based on warranty has undergone extensive development and careful scrutiny.

Beginning with Piercefield v. Remington Arms, 375 Mich. 85, 133 N.W.2d 129 (1965), through Cova v. Har-

---

* There are, of course, two complaints, one each from Behlke and Danson. For pur-

poses of this motion, however, they may be considered to be the same.

ley Davidson Motor Co., 26 Mich.App. 602, 182 N.W.2d 800 (1970), the Michigan courts have analyzed and developed a body of law relating to liability that is imposed on a defendant for breach of "implied warranty". No longer does liability based on implied warranty require privity of contract. In reality it is a liability imposed on certain persons defined in the law in exactly the way that tort liability is imposed on defendants. *Cova, supra.* Since in Michigan breach of implied warranty is a type of tort liability, the use of the tort long arm statute, M.C.L.A. § 600.715(2), is appropriate, and this court may retain jurisdiction of the claims based on breach of implied warranty. The motion to dismiss is overruled as to claims based on implied warranty.

*The Breach of Express Warranty Claim*

Cova v. Harley Davidson, *supra,* does not carefully distinguish between implied and express warranty. The law imposes liability without assertions or statements on defendants for breach of implied warranty just as it does for negligence but predicated on other facts. On the other hand, express warranty is based on statements and assertions made by the defendant and the liability of the defendant is related to those statements and assertions. *Cova, supra,* cannot fairly be relied upon to justify the exercise of judicial power over an express warranty action by the use of the tort long arm statute, for an express warranty action is not "an action for tort."

The long arm statute of Michigan does not cover the plaintiff's claim for breach of express warranty. Metalmeccanica's possible liability for breach of express warranty did not, as required by M.C.L.A. § 600.715, arise out of any of the following acts:

1. "The transaction of any business within the state"—None of the business of Metalmeccanica involving their machines in this case was transacted in the state. All of it was transacted in Italy.

2. "The doing or causing an act to be done or consequences to occur in the state resulting in an action for tort"—The express warranty action is not "an action for tort".

3. "The ownership, use or possession of any real or tangible personal property situated within the state"—The machine, the cause of the injury, was not owned by or possessed by Metalmeccanica at the time it was in the State of Michigan.

4. "Contracting to insure any person, property or risk located within the state at the time of contracting" —This section is obviously not applicable.

5. "Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant"—Metalmeccanica contracted only to ship the machine to the Italian border and not beyond. The elements making this section applicable have not been established.

Thus if this action involved only a claim of breach of express warranty, the motion to dismiss would have to be sustained because nothing in Michigan law permits the exercise of judicial jurisdiction in cases of this kind. M.C.L.A. § 600.715. Michigan has not authorized service on Metalmeccanica for an action described in the claim of a breach of express warranty.

However in this case the possible express warranty theory is but one of three theories on which plaintiff's claim against Metalmeccanica is based. This defendant is subject to this court's jurisdiction on the claims based on the other two theories. The three theories are but different statements and reasons for the same recovery; damages for the loss of Behlke's hand. Although there is no statute in the state on which to predicate service of process for a claim based on a breach of express warranty, the contacts with the state by Metalmeccanica in this case, on the theory of negli-

gence and implied warranty, clearly are substantial enough constitutionally to justify the exercise of judicial power.

Few courts have faced and analyzed the problems posed by long arm statutes and their relationship to causes of action or theories of recovery properly joined in a case but not covered by the statute. Before it became fashionable to provide a method for obtaining jurisdiction over a defendant for a limited purpose, a person who was appropriately served with process or who appeared was subject to the jurisdiction of the court for all purposes, within the subject matter jurisdiction of the court. The long arm statutes, however, provided that in ordinary litigation, for example, automobile and industrial accident cases, an act or acts relating to the state, variously defined by the statute, are sufficient to give the courts power to act against a person who does the act, as to liabilities arising out of that act, if he has been properly notified.

Efforts have been made to amend the claim against a person brought into court under a long arm statute to include claims having no relationship to the act. This has been rejected. Wedekind v. McDonald, 82 F.Supp. 678 (S.D. Fla.1948).

The courts are split on the use of special federal statutes providing nationwide service of process for certain kinds of securities actions as a basis for service in causes of action or claims not enumerated in the statute but joined with the securities actions. Cases wherein nationwide service was not permitted are Schwartz v. Bowman, 156 F.Supp. 361 (S.D.N.Y.1957), appeal dismissed sub nom. Schwartz v. Eaton, 264 F.2d 195 (2nd Cir. 1959); Lasch v. Antkies, 161 F.Supp. 851 (E.D.Pa.1958); Kappus v. Western Hills Oil, Inc., 24 F.R.D. 123 (E.D.Wis.1959); International Ladies' Garment Workers Union v. Shields & Co., 209 F.Supp. 145 (S.D.N.Y.1962); Wilensky v. Standard Beryllium Corp., 228 F.Supp. 703 (D.Mass.1964); Trussell v. United Underwriters, Ltd., 236

F.Supp. 801 (D.Colo.1964); Beckmann v. Ernest, CCH Fed.Sec.L.Rep. ¶91,462 (S.D.N.Y.1964); Levin v. Great Western Sugar Co., 274 F.Supp. 974 (D.N.J. 1967); Parker v. Baltimore Paint & Chem. Corp., 244 F.Supp. 267 (D.Colo. 1965); and Huber v. Bissel, 39 F.R.D. 346 (E.D.Pa.1965). Decisions holding to the contrary are Townsend Corporation of America v. Davidson, 222 F. Supp. 1 (D.N.J.1963); Cooper v. North Jersey Trust Co., 226 F.Supp. 972 (S.D. N.Y.1964); Kane v. Central American Mining & Oil, 235 F.Supp. 559 (S.D.N. Y.1964); Puma v. Marriott, 294 F.Supp. 1116 (D.Del.1969); Sprayregen v. Livingston Oil Co., 295 F.Supp. 1376 (S.D. N.Y.1968); Johnston v. United States Trust Co., CCH Fed.Sec.L.Rep. ¶ 91,656 (D.D.C.1966); and Emerson v. Falcon Manufacturing, Inc., 333 F.Supp. 888 (S.D.Tex.1971).

*See also,* Ferguson, Pendant Personal Jurisdiction in the Federal Courts, 11 Villanova Law Review, page 56, 1965; Mills, Pendant Jurisdiction and Extraterritorial Service Under the Federal Securities Laws, 70 Columbia Law Review, page 423, 1970.

The analogy to federal subject matter jurisdiction has been suggested. A state cause of action may be joined with a federal cause of action if it "[is] little more than the equivalent of different epithets to characterize the same group of circumstances", Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 590, 77 L.Ed. 1148 (1933), or if "the entire action before the court comprises but one constitutional case", United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

The area of personal jurisdiction is a bit more complicated. The following factors must be kept in mind:

1. The constitutional limitations on judicial power over a defendant, International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

2. The statutory authorization to exercise power or the existence of long arm statutes.

3. The need to act as reasonable and responsible caretakers of the judicial process within the framework of constitutional and statutory directives to provide a procedure to resolve disputes economically and expeditiously.

In this case there are three theories for recovery. Two theories for recovery, negligence and implied warranty, can stand independently before the court as the basis for the exercise of power over the defendant Metalmeccanica. The third theory for recovery, express warranty, would fail standing alone as the basis for the exercise of jurisdiction over the defendant Metalmeccanica. The theories are not separate causes of action. They are but "different epithets to characterize the same group of circumstances" and they "comprise one . . . case". The damage claimed as to each theory is the same. The plaintiff would not be permitted to sue separately on each theory. Thus it seems not unreasonable in this case to hold that since the court already has Metalmeccanica before it for two parts of the same cause of action, it should assume power over the defendant as to the third theory on the basis of the need to provide a reasonable forum for the economical and expeditious trial of a single claim.

> "One interesting problem is this area, however, has not yet been resolved by the courts. Where out-of-state service is possible under a federal statute allowing such service for particular claims, does the process also bring the party into court to respond to a claim, joined with the statutory claim, as to which, if sued on independently, out-of-state service would be improper? Though the matter is not settled, it would seem that where the claims are sufficiently related to come within the ancillary jurisdiction concept, the process should be regarded as suffi-

cient to bring the party into court to respond to both claims." C.A. Wright, Federal Courts, § 9, page 21.

If the third party claim was based on different facts or was a different cause of action, jurisdiction should be denied. Scoville Manufacturing Co. v. Dateline Electric Co., Ltd., 319 F.Supp. 772 (E. D.Ill.1970).

The motion to dismiss Metalmeccanica is denied.

So ordered.