942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick M. BAUER, Defendant-Appellant.
 No. 89-16606.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1991.*
Decided Aug. 15, 1991.
 
 1
 Before SCHROEDER and FARRIS, Circuit Judges, and DUMBAULD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant, Frederick M. Bauer, a pro se prisoner[1], appeals from a summary judgment finding him liable for income tax pursuant to a decision of the United States Tax Court in the amount of $69,342.20[2]. We affirm.
 
 
 4
 In 1983, fearing that appellant might leave the country, the Internal Revenue Commissioner issued a jeopardy assessment and deficiency notice for the years 1978, 1979, and 1980. Bauer sought redetermination in the Tax Court which for the year 1980 reduced the tax liability to $69,342.20. The Tax Court's decision of September 28, 1987, also found appellant liable for a penalty of $4,818.42 for failure to pay estimated tax.
 
 
 5
 To prevent expiration of the six year statute of limitations which would have occurred on March 25, 1983, the government on March 23, 1983, brought the instant action to reduce to judgment the deficiency for 1980 as determined by the Tax Court. As that determination was res judicata with respect to Bauer's tax liability for 1980,[3] there were no material disputed facts to be litigated and summary judgment was properly granted by the District Court.[4]
 
 
 6
 Accordingly, judgment of the District Court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 As pointed out by the District Court, "Defendant is proceeding pro se and is in federal custody in Duluth, Minnesota, on a conviction for filing a false income tax for 1981. The conviction is unrelated to the present action"
 
 
 [2]
 The Tax Court's decision, which the District Court rightly treated as res judicata, also found Bauer liable for a penalty of $4,418.42 for failing to pay estimated taxes. However, appellee's brief (p. 3) concedes that Bauer "has paid only $4,418.42 of the deficiency". Hence execution on the District Court's judgment as affirmed is limited to $69,342.20
 
 
 [3]
 Comm'r v. Sunnen, 333 U.S. 591, 598 (1948); Russell v. U.S., 592 F.2d 1069, 1071-72 (9th Cir.1979)
 
 
 [4]
 The District Court's decision also permitted Bauer to withdraw a fancifully styled "motion to bar in double jeopardy and collateral estoppel" claiming that since he had been prosecuted criminally in a tax case, civil collection proceedings amounted to double jeopardy. Withdrawal of this motion did not oust the court's personal jurisdiction over appellant or withdraw his appearance. Huber v. Bissell, 39 F.R.D. 346, 348-49 (E.D.Pa.1965)
 The District Court's decision also denied another motion by Bauer to dismiss based on alleged objections to venue and service of process. Such objections were waived because then available but not joined with the prior motion. Huber, supra at 349; Rule 12(c) and (h) FRCP.