**William D. PETTIT and Thomas J. Crawford, Trustees-Appellants,**

v.

**DOESKIN PRODUCTS, INC. and Keta Gas & Oil Company, Appellees.**

**No. 244, Docket 25437.**

United States Court of Appeals Second Circuit.

On Petition Rehearing Filed Sept. 8, 1959.

Decided Oct. 13, 1959.

Before HAND, Circuit Judge, MADDEN, Judge, United States Court of Claims,* and LUMBARD, Circuit Judge.

PER CURIAM.

The defendants—Doeskin Products, Inc. and Keta Gas and Oil Company— petition for a rehearing on the ground that we did not decide the validity of Judge Palmieri's ruling that he had summary jurisdiction over the controversy and that a plenary action was not necessary.

The defendants had made a cross-motion before the hearing, asserting that the court had no summary jurisdiction over the claim, and it is true that Judge Palmieri never entered any order denying this motion. However, his first conclusion of law made after the hearing was, that he had "jurisdiction of the parties, and of the subject matter of the proceeding" and the order on appeal which dismissed the trustees' petition was drafted in accordance with his direction that "an appropriate order will be entered." There can be no question that this order, incorporating as it did, the conclusion of law just mentioned, was intended to deny the defendant's cross-motion that the court should require the trustees to bring a plenary action.

When the case came here on appeal we considered the merits of the trustees' claims and held that the debtor should "recover the Keta shares without tendering back to Doeskin the shares with which Birrell apparently absconded." We could not have so proceeded except on the assumption that the denial of the cross-motion to dismiss the summary proceeding was correct. The defendants did not appeal at all, although in one point of their brief (apparently provisionally accepting the decision below), they "submit that should a reversal or substantial modification be indicated herein, a 'plenary action' should be required instead of the instant proceeding." In short, they assert that, although they took no appeal from the order that denied them any "plenary action," they are entitled to review it in this proceeding because it was an error for the District Court to proceed on the merits at all. They may not so play fast and loose; if they meant to raise the point that the District Court was wrong to deny their cross-motion, they should have appealed from the order which denied it. Peoria & P. U. Railway Co. v. United States, 263 U.S. 528, 535, 536, 44 S.Ct. 194, 68 L.Ed. 427.

Petition denied.

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).