Ben H. PARKER, as Trustee of The Clute Corporation, Debtor in Proceedings for the Reorganization of a Corporation under Chapter X of the Bankruptcy Act, Plaintiff,

v.

BALTIMORE PAINT AND CHEMICAL CORPORATION, a Maryland corporation, Victor Muscat, Edward Krock, Robert L. Huffines, Jr., and A. Alex Shuford, Jr., Defendants.

Civ. A. No. 8851.

United States District Court
D. Colorado.

Aug. 9, 1965.

Charles J. Kelly, Robert F. Thompson, Ernest W. Lohf, Sp. Counsel, Denver, Colo., for plaintiff.

Dawson, Nagel, Sherman & Howard, Denver, Colo., for defendants Baltimore Paint & Chemical Corp., Victor Muscat, Edward Krock and Robert L. Huffines, Jr.

Wood, Ris & Hames, Denver, Colo., for defendant A. Alex Shuford, Jr.

**WILLIAM E. DOYLE, District Judge.**

This action arises under the Securities and Exchange Act of 1934. There are so-called Rule 10b–5 claims and also claims alleging common-law fraud. The plaintiff is the trustee in Reorganization under Chapter X of the Bankruptcy Act. The relief sought is rescission and the demand is for return of the stock of the Synkoloid Corporation, which company was formerly a wholly-owned subsidiary of the Clute Corporation. Defendants have filed motions to dismiss which raise questions of venue and legal insufficiency.

It is unnecessary to detail the facts alleged. A sketch of the general framework of the case as disclosed by the allegations of the complaint will serve to focus the questions which are presently before us.

It appears that Clute was formerly the owner of Synkoloid; that following a merger it acquired all of the shares of Synkoloid, a Colorado corporation which was and is engaged in the manufacture of paint products.

In April, 1962 Clute made an agreement with Baltimore to sell all of the Synkoloid shares to the latter at a price to be determined by audit, it being understood that the net worth would be not less than $430,000.00. Baltimore made a down payment of $100,000.00 and at that time was allowed to name a controlling number of directors in Clute so as to be assured that the Synkoloid assets would not be dissipated pending the closing of the deal. Following the naming of the Baltimore nominees, according to the allegations, Baltimore completely dominated the operation and management of Clute and misused its power so as to deprive Clute of the benefits of the purchase price which it had agreed to pay, and in so doing it went through various false motions so as to create the illusion that it was making payments when in fact it was not. It is also alleged that false and fraudulent means were employed in obtaining shareholder approval of the transfer. In essence then, the allegations are that Baltimore and its lackeys conspired to gain control of the Synkoloid shares in a manner which would substantially deprive the Clute corporation of the fruits of the transaction and which would also permit Baltimore to gain control of other Clute assets.

If full effect is given to the allegations of the complaint it is to be gleaned that all of Baltimore's conduct was accompanied by malice aforethought, so to speak. At the same time the complaint does not expressly allege scienter on the part of Baltimore or its officers and servants. Moreover, there are not allegations of reliance on the part of Clute or of materiality or of cause. It would appear from the answers given by counsel during oral arguments that it is their desire to raise and obtain a ruling on the necessity for making such allegations in a 10b–5 action. Further factual material will appear in this opinion but the foregoing will provide background for the rulings called for by the motions.

**I.**

The preliminary issue is whether under the applicable statutory provision venue has been laid in the proper district. Section 27 of the Securities and

Exchange Act of 1934 (Title 15 U.S.C. § 78aa) is the governing section. In substance it provides that actions to enforce provisions of the act may be brought in a district where: 1) any act or transaction constituting the violation occurred; 2) where a defendant is found; 3) where a defendant is an inhabitant; or 4) where he transacts business. It is defendants' contention that no act or transaction which can be considered a part of the alleged violation occurred in this district.

Section 10 of the 1934 act declares it unlawful to use manipulative devices in connection with the purchase or sale of any security, registered or unregistered. Are these terms limited to the actual transaction, or would incidental transactions such as shareholder approval, be within the ambit of "sale" or "purchase" for the purpose of determining whether there is venue? Certainly it was never contemplated that the actual closing should be isolated and that matters leading to it and events which followed the closing could not be considered in a context, like the present. Here the written contract recognizes that there are incidental happenings which are part of the transfer.[1]

In Clapp v. Stearns & Co., (S.D.N.Y. 1964), 229 F.Supp. 305, the Court said:

" * * * The action is properly brought in New York if 'any act or transaction constituting the violation occurred' here. 15 U.S.C. § 78aa.

"It is established that defendant Abrams from New York made a telephone call to plaintiff, who was apparently in Boston. This telephone call was part and parcel of the alleged violation and was an 'act' in New York. * * * It is enough if 'any act or transaction' by any defendant occurred here. Whether Raymond itself performed the 'act or transaction' is immaterial. This not only appears from the wording of the Act and from its policy to provide a forum for suits involving multi-state frauds, no matter of how many states the defendants are citizens. It also appears from the decided cases which, although not specifically discussing the point, uphold jurisdiction in such a case as that at bar. Hooper v. Mountain States Securities Corporation, 282 F.2d 195 (5th Cir. 1960); Conn. Mutual Life Ins. Co. v. Shields, 131 F.Supp. 363 (S.D.N.Y.1954); Greenwich Savings Bank v. Shields, 131 F.Supp. 368 (S.D.N.Y.1955); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955). See also Townsend Corp. of America v. Davidson, 222 F. Supp. 1, 3–4 (D.N.J.1963)."

See also Stevens v. Vowell (10 Cir. 1965), 343 F.2d 374; Errion v. Connell (9 Cir. 1956), 236 F.2d 447, and 3 Loss, Securities Regulation 2009.

In the instant case the plaintiff claims that in addition to the ratification of the sale other significant acts occurred in Colorado. These include telephone calls from other states to counsel in Colorado; the mailing of funds to Colorado banks; and mailing of letters to Clute officers in Denver; and the actual delivery of the Synkoloid stock in Denver.

In the light of the applicable facts and the interpretation of the law which has

---

1. "1. SALE OF SYNKOLOID STOCK. *At the closing,* as hereinafter defined, and subject to the terms and conditions set forth in this letter, *Baltimore will purchase* from Clute *and Clute will sell to* Baltimore, all of the outstanding shares of stock of The Synkoloid Company, * * *."

* * * * *

"6. CONDITIONS PRECEDENT TO CLOSING. *The occurrence of the Closing and the performance by each of the parties hereto of their obligations* contemplated to be performed herein at the Closing, *are conditional upon* the following:

* * * * *

"(b) The audited balance sheet as of March 31, 1962 referred to in paragraph 1 hereof, and after making the necessary adjustments for inter-corporate transactions, shall show a net worth for The Synkoloid Company of not less than $430,000." [Emphasis supplied]

been described above, it is concluded that there is not a venue defect and that the case should be entertained.

## II.

Defendants' motion to dismiss the first claim, the so-called Rule 10b–5 claim, is based upon the following:

1) That although plaintiff seeks to rescind it has not offered to restore the consideration which it received or to allege an excuse for not doing so. It is said that such an offer is essential in a rescission action.

2) That the complaint fails to allege that there was *scienter*. It is pointed out that there is no allegation as to knowledge of falsity nor of reliance or causal connection between the alleged fraud and the injury.

3) That there is no allegation in the complaint that the plaintiff was deceived. This is somewhat similar to the second point.

4) That the allegations of corrupt mismanagement are not related to the sale of the Synkoloid stock and thus are not properly to be considered as a claim under Rule 10b–5.

### A. *Failure to restore.*

Section 65 of the A.L.I. Restatement of the Law of Restitution is cited as requiring an offer to return that which has been received where the rescission remedy is relied on. 3 Loss, supra, page 1793 also notes this requirement.

■ The plaintiff takes the position that neither restitution nor an offer of restitution is necessary. It relies on Petit v. Doeskin Products, Inc., (2 Cir. 1959) 270 F.2d 95, rehearing denied 270 F.2d 699, cert. denied 362 U.S. 910, 80 S.Ct. 660, 4 L.Ed.2d 618. However, as we read that case it does not hold, as plaintiff contends, that because the plaintiff there was a Chapter X Trustee it was unnecessary to restore the benefits received; rather, it holds that the plaintiff in that case did not receive anything of value whereby restitution had to be made. The cases in Colorado certainly require

that there be restoration in a rescission case. See Central Life Assurance Society of the United States v. Mulford, 45 Colo. 240, 100 P. 423; Fidelity Finance Co. v. Groff, 124 Colo. 223, 235 P.2d 994; Travelers' Ins. Co. v. Redfield, 6 Colo. App. 190, 40 P. 195.

■ We are constrained to hold, in view of the cited cases and text material, that restoration is necessary unless the plaintiff is able to show that nothing was ultimately received by it and thus that there is nothing that need be returned.

### B. *Scienter requirement.*

■ We turn now to defendants' next point, namely, that in a 10b–5 action *scienter* and reliance are essential elements:

This matter has been before the Court previously in Trussell v. United Underwriters, Ltd. (1964) 228 F.Supp. 757. We concluded in Trussell that these elements are essential in a 10b–5 case. Our reasons are extensively articulated in that decision, and although the case at bar involves an allegedly defrauded seller rather than a purchaser, the rule applies nevertheless. Plaintiff argues that the decision of this Circuit in Stevens v. Vowell (10 Cir. 1965) 343 F.2d 374, dispenses with the mentioned requirements. However, Stevens does not specifically consider the question and the dicta which is the source of the plaintiff's contention does not in our opinion require adoption of a ruling which is contrary to that expressed in Trussell. Therefore, the motion to dismiss on this ground is valid.

### C. *Relationship of various allegations.*

■ The effort of defendants to sever the alleged mismanagement of Clute from the sale of Synkoloid and to say that the mismanagement allegations do not, standing alone, constitute a 10b–5 case, is without merit. The plaintiff has alleged that there is relationship between the several acts and transactions. Accordingly, we are not at liberty to disregard its allegations and to now hold that the charges are unrelated; consequently, this contention must be rejected.

### III.

The defendants' motion to dismiss the second count is based on the contention that the out-of-state service is invalid inasmuch as common-law fraud is described in the second claim and then there cannot be extra-district service in such case. Plaintiff, of course, contends that this Court has pendent jurisdiction and for that reason can entertain the action. The plaintiff also argues that here the plaintiff is a Chapter X Trustee and by reason of this fact the Court is subject to the Bankruptcy Act and has jurisdiction over the person of the defendant.

This question has been before the Court previously in a second facet of the Trussell case. See Trussell v. United Underwriters, Ltd. (1964) 236 F.Supp. 801, 803–804. We there held that in similar circumstances we did not have pendent jurisdiction of a non-federal claim. We must also reject the plaintiff's argument that the jurisdiction over the person of defendant is enlarged because of the fact that the plaintiff is a Chapter X Trustee because the action is brought in a summary basis. The plenary jurisdiction of the Court is here invoked. See 6 Collier on Bankruptcy, 14th edition, ¶3.18, pp. 659–666, namely, notes 30 and 31, and ¶3.19, pages 666–667, where it is said:

"Even though the reorganization court has the extensive plenary jurisdiction discussed in ¶3.18 supra, that does not mean that the trustee, receiver or debtor in possession may in a plenary action in the reorganization court secure an adjudication of the rights of persons beyond the territorial jurisdiction of the court. We have seen that under Chapter X the reorganization court may in the exercise of its exclusive *summary* jurisdiction issue process for service outside its territorial limits. But this nationwide service of process is confined to those cases where the court's summary jurisdiction is properly employed. Nothing in Chapter X confers upon the reorganization court the power to issue extraterritorial service of process in plenary suits otherwise cognizable before it; the court, therefore, does not have nation-wide plenary jurisdiction. Without specific statutory authority, such a course would do violence to the general Congressional policy that persons shall not be subjected to civil suits except in the districts of which they are inhabitants. Consequently, it is well settled that where an *in personam* plenary action is commenced in the reorganization court against non-resident persons who are in possession of and assert a bona fide adverse claim to property, or who defend choses in action asserted by the debtor, the court may not issue its process outside its territorial limits."

Inasmuch as the Chapter X aspect does not dispense with the necessity for obtaining personal jurisdiction, the plaintiff's contention in this respect must be rejected.

### IV.

The motions to strike and for more definite statement are denied. Defendants have failed to show that the matter they seek to strike is prejudicial or scandalous. As to the motion for definite statement, they have not demonstrated inability to answer.

The defendant Shuford's objections to the interrogatories are sustained for the reasons which were stated from the Bench at the hearing.

In summary, the motion to dismiss for failure to state a claim under Rule 10b–5 is sustained, with leave to the plaintiff to amend if it desires to do so within twenty days from the date of receipt of this Order. The motion to dismiss addressed to Count II should be, and the same is hereby granted.

The objections to the interrogatories are sustained.

The motions to strike and for more definite statement are denied.