Ben H. PARKER, as Trustee of the Clute Corporation, Debtor in Proceedings for the Reorganization of a Corporation under Chapter X of the Bankruptcy Act, Plaintiff,

v.

BALTIMORE PAINT AND CHEMICAL CORPORATION, a Maryland corporation, Victor Muscat, Edward Krock, Robert L. Huffines, Jr., and A. Alex Shuford, Jr., Defendants.

Civ. A. No. 8851.

United States District Court
D. Colorado.
March 23, 1966.

See also D.C., 244 F.Supp. 267.

Charles J. Kelly and Robert F. Thompson, Denver, Colo., for plaintiff.

Ernest W. Lohf, Denver, Colo., special counsel for plaintiff.

Dawson, Nagel, Sherman & Howard, Denver, Colo., for defendants Baltimore Paint and Chemical Corporation, Victor Muscat, Edward Krock and Robert L. Huffines, Jr.

Wood, Ris & Hames, Denver, Colo., for defendant A. Alex Shuford, Jr.

WILLIAM E. DOYLE, Judge.

The matter before the Court is the motion on behalf of all of the defendants to dismiss the amended complaint. The motion directed to the first claim is based on the contention that the claim is essentially one for recission which fails to offer to tender back the consideration which was received by the debtor in the original transaction. Baltimore moves to dismiss the second claim on the ground of lack of personal jurisdiction. Subsequently, all defendants with the exception of Shuford moved for abatement of the turnover proceeding in 32895, the Chapter X proceeding. The Securities and Exchange Commission has filed an amicus brief in which it opposes any abatement order. Oral arguments were had on January 14, 1966, and on that occasion plaintiff was directed to amend or supplement its complaint with respect to the matter of restoration; the motion to dismiss was held in abeyance until the amendment or supplement was filed. The motion to abate the turnover proceeding was denied.

Essentially, the action is one under Section 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b). The second claim invokes Section 70e(1) of the Bankruptcy Act, 11 U.S.C. § 110(e) (1). Plaintiff is the Chapter X Trustee of Clute. This matter has been referred to the Referee who has before him claims similar to the instant ones. Defendants moved to dismiss the original complaint herein asserting (1) lack of venue, (2) failure to state a claim, (3) lack of personal jurisdiction over Baltimore Paint and Chemical Co. In an early opinion, which is reported in D.C., 244 F.Supp. 267, we determined that venue was proper. We noted that the action was one in recission under Rule 10(b) (5) and that this is a remedy which is available only to one who has tendered back or has offered to tender back the consideration received. We also held that we had no personal jurisdiction over Baltimore with respect to the second or

common law claim of fraud since extraterritorial process could not issue in connection with a common law claim even though we had pendent subject matter jurisdiction.

The supplement or amendment which plaintiff was Ordered to file following the January 14, 1966 hearing provides in pertinent part as follows:

"[19] (g) Any return or restoration to the Defendants * * * or any money, property or other asset of Clute, *otherwise than after due allowance of appropriate claims therefor in the Clute reorganization proceedings,* in fact will confer upon Defendants an unfair * * * advantage over the Clute creditors and stockholders * * * such unfairness being attributable to the following: * * * (iii) If the wrongful taking * * * herein complained of had not occurred, the position of each of the Defendants would be simply that of a creditor or other claimant against Clute and its estate *in the reorganization proceedings.* (iv) Except for the acts, omissions and transactions complained of * * * none of the Defendants would have been able to effect any preferential collection * * * of their respective claims against Clute, * * *." (Emphasis added.)

The supplement also amended the demand for relief by including a proviso that any accounting granted plaintiff should consider any proper credits found due to defendants and should contain any proper Order of the Court.

This "offer of restoration" would probably win the prize in any contest to determine the most equivocal and least positive offer to restore which had ever been pleaded. It does not even offer to do equity. Because of the weakness of the offer, defendants argue that we should now grant the motion to dismiss. Were it not for the decisions of the Supreme Court in J. I. Case Company v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423, and in Deckert v. Independ-

ence Shares Corp., 311 U.S. 282, 61 S. Ct. 229, 85 L.Ed. 189, we would do just that. In *J. I. Case,* it was held that although the right arose in that case under Section 14(a) of the 1934 Securities Exchange Act, that the particular remedy arose under state law and noted that the trial courts should remain flexible in the matter of fashioning particular remedies applicable to rights created under the Act. The Court said: (377 U.S. at 435, 84 S.Ct. at 1561)

" * * * whatever remedy is necessary must await the trial on the merits."

In *Deckert* the Supreme Court pointed out that:

" * * * any suit to establish the civil liability imposed by the Act must ultimately seek recovery of the consideration paid less income received or damages if the claimant no longer owns the security." (311 U.S. 288, 61 S.Ct. 233)

We deduce from these decisions that the Supreme Court considers the ultimate remedy awarded together with the limitations placed on it following the trial to be the important thing. It goes without saying that a litigant seeking to rescind a transaction can not have his cake and eat it too. By submitting to the jurisdiction of the Court, he must accept the bitter with the sweet.

 It follows that the amended complaint is upheld on condition that plaintiff is subject to the powers of the Court to fashion an appropriate remedy. It is to be understood that we do not intend to allow plaintiff to write his own ticket, so to speak. If plaintiff is unwilling to proceed on this basis, he should dismiss his claim and pursue his rights elsewhere. The motion to dismiss, based on the insufficiency of the supplement, is denied.

 We turn now to Baltimore's motion to dismiss the second claim for lack of in personam jurisdiction over Baltimore. In this connection, we note that there is some unfortunate language in our former Order indicating a lack of pendent jurisdiction to entertain the common law fraud case which was then before the Court. See 244 F.Supp. at 271. We had pendent subject matter jurisdiction. What was lacking was pendent in personam jurisdiction. A somewhat analogous situation exists with respect to the present second claim which arises under Section 70e(1) of the Bankruptcy Act. It is argued by plaintiff that this is the re-organization forum and as such can issue extra-district process. But this Court is not sitting as a re-organization forum in the present matter. This is a plenary suit —an *in personam* action in which we do not have extra-district *in personam jurisdiction.* See 6 Collier, Bankruptcy, 14th Edition, Secs. 3.18, 3.19. It seems anomalous to entertain jurisdiction on one federal question claim and at the same time to not have it in another. Particularly is this true in view of the probability that Baltimore can probably be served incident to its defense of Claim number one. See Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 and Walker v. Calada Materials Company, 10th Cir., 1962, 309 F.2d 74, which cases hold that immunity from service of process is not available in *Lamb* to a litigant and in *Walker* to a witness. In view of this, we do not consider a dismissal appropriate. We merely hold that extraterritorial service is not effective to bring Baltimore before the Court. Nor do we hold that Baltimore would not have an immunity from service. This is not before us. In view of the foregoing, Claim Two need not be dismissed but can remain in abeyance until there is some further development. If there is no further service effected, Claim Two can be dismissed at a later time.

 Some further comments are in order on the motion to abate turnover proceedings. On January 14, 1966, we denied this motion, and we are now of the opinion that it should not be abated. The turnover proceedings are part and parcel of the general reorganization pro-

ceedings which are now pending in the bankruptcy Court. We are not disposed to interfere with those proceedings. It may become expedient at some later time to close the file in this case if it appears that our efforts are duplicative and perhaps in conflict. For the present, however, no reason is apparent for not proceeding to issue and trial in this case.

One further observation. The Colorado General Assembly has enacted a so-called long-arm statute. So far it has not been held unconstitutional. It may well be that this method of issuing process and obtaining service on a non-resident defendant may serve to give this Court jurisdiction of the common law fraud claim which was dismissed for lack of personal jurisdiction. We mention this only because our previous Order indicated a lack of pendent jurisdiction generally when the reference was merely to a lack of pendent in personam jurisdiction.

It is ORDERED that all of the motions be and the same are denied without prejudice to defendants to renew them at any time in the future on the basis of changed circumstances.