484 F.2d 553
 Fed. Sec. L. Rep. P 94,060
Richard S. ROBINSON et al.
v.
PENN CENTRAL COMPANY et al., Louis W. Cabot, Appellant.
Herbert COOK and Rose Cook Small
v.
PENN CENTRAL COMPANY et al., Louis W. Cabot, Appellant.
Philip BARON and Ann Nemser
v.
Stuart SAUNDERS et al., Louis W. Cabot, Appellant.
Edward PERRY
v.
David C. BEVAN et al., Louis W. Cabot, Appellant.
 Nos. 72-1351 to 72-1354.
 United States Court of Appeals,
Third Circuit.
 Submitted on briefs May 17, 1973.
Decided June 29, 1973.
 
 J. Grant McCabe, III, Henry H. Janssen, Rawle & Henderson, Philadelphia, Pa., for appellant.
 Edwin P. Rome, Marvin Comisky, Norman L. Holmes, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Sp. Counsel, for Trustees.
 David Berger, Gerald J. Rodos, Michael K. Simon, Philadelphia, Pa., for appellees, Richard S. Robinson, and others and Liaison Counsel for all plaintiff-shareholder appellees in this appeal.
 James J. Siegal, Robert C. Cohen, Philadelphia, Pa., for appellees, Herbert Cook and Rose Cook Small.
 Harry Norman Ball, Philadelphia, Pa., and Nemser & Nemser, New York City, for appellees, Philip Baron and Ann Nemser.
 James Francis Lawler, Philadelphia, Pa., for appellee Edward Perry.
 Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 This interlocutory appeal is before us pursuant to a certification, under 28 U.S. C. Sec. 1292(b), that there is a substantial difference of opinion over a controlling question of law and that an interlocutory appeal may materially advance the ultimate termination of the litigation. The order appealed from D.C., 338 F. Supp. 436, denied a motion by the defendant-appellant Louis W. Cabot to dismiss certain non-federal claims asserted against him on the ground of insufficient service of process as to those claims. The non-federal claims are alleged to be pendent to certain federal claims as to which, because of the extraterritorial service provisions of the Securities Act of 1933, 15 U.S.C. Sec. 77v(a), and the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78aa, there is no question of sufficiency of process.
 
 
 2
 Cabot is a former director of Penn Central Transportation Co., debtor. After Penn Central petitioned for reorganization, a number of lawsuits against Cabot and other directors and officers alleging both federal and pendent nonfederal claims were filed in various district courts. Pursuant to 28 U.S.C. Sec. 1407 all these cases were transferred to the Eastern District of Pennsylvania. In re Penn Central Securities Litigation, 322 F.Supp. 1021 (Jud.Pan.Mult.Lit. 1971). The four cases to which this appeal applies were originally commenced in the Eastern District of Pennsylvania. These are the only cases in which Cabot has been served. Thus, the appeal does not involve any issue of the transfer, pursuant to 28 U.S.C. Sec. 1404 or 28 U.S. C. Sec. 1407 after service of process within a district where the suit was commenced, to a district in which the defendant could not be served. The only service in these cases, all filed in the Eastern District of Pennsylvania, was by a United States Marshal in the Commonwealth of Massachusetts.
 
 
 3
 Each of the four complaints states a federal claim under the Securities Exchange Act of 1934. Two of the complaints also allege violations of the Securities Act of 1933. Each complaint also contains one or more counts based on state law, for violation of Cabot's fiduciary duties as a director or for common law fraud. These claims are asserted on the basis of pendent jurisdiction. Cabot does not contest that service could be made upon him with respect to the Securities Exchange Act and Securities Act claims in whatever district he might be found, since those statutes explicitly so provide. 15 U.S.C. Sec. 78aa; 15 U.S.C. Sec. 77v(a). Nor does he contend, at least at this stage of the proceedings, that the state law claims would not qualify as pendent to the federal claims within the teaching of Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). He urges, however, that Fed.R.Civ.P. 4(f) prohibits the service of process outside the territorial limits of the state in which the district court is held, unless extraterritorial service of process is authorized by a statute of the United States, and that neither the Securities Exchange Act of 1934 nor the Securities Act of 1933 mention service of process for pendent claims.
 
 
 4
 The issue is primarily a matter of interpretation of the statute and of Rule 4(f), since it is not disputed that Congress could constitutionally extend the service of process of federal district courts throughout the United States, see Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 442, 66 S.Ct. 242, 244, 90 L.Ed. 185 (1946), and the constitutionality of the district court's subject matter jurisdiction over pendent state law claims has long been settled, e.g. Hurn v. Oursler, supra. The auhorities which have considered the issue are split.[1] This circuit has not heretofore been confronted with the problem.
 
 
 5
 So far as our research discloses, the Second Circuit is the only circuit court which has considered the issue. Its consideration, however, has not been definitive. In Schwartz v. Eaton, 264 F.2d 195 (2d Cir. 1959), it considered an attempted appeal from a decision by Judge Dimock which had dismissed an in personam claim alleging waste of corporate assets asserted to be pendent to a federal claim under the Investment Company Act, 15 U.S.C. Secs. 80a-1 et seq. The appeal was dismissed as interlocutory and not within Rule 54(b), Fed.R. Civ.P. But dicta in Judge Clark's circuit court opinion for the majority suggested that retention of jurisdiction over the pendent state law claim would have been proper. Id. at 197-198. Judge Moore, concurring in the dismissal of the appeal, expressed a contrary view on the validity of the service of process for purposes of the pendent claim. Id. at 198. Later a panel of the same court recognized that the question was still open. H. L. Green Co. v. MacMahon, 312 F.2d 650, 653-654 (2d Cir. 1962), motion for leave to file for cert. denied, 372 U.S. 928, 83 S.Ct. 876, 9 L. Ed.2d 736 (1963). Later still another panel of the same court, without elaboration, affirmed the district court's dismissal as to pendent out-of-state defendants. Hawkins v. Lindsley, 327 F.2d 356, 358 (2d Cir. 1964).
 
 
 6
 Secondary authorities which have considered the issue have suggested that the better view is that pendent state law claims may be included when in personam jurisdiction is based upon extraterritorial service authorized by a federal statute. See, e.g., American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts 211 (1968); Mills, Pendent Jurisdiction and Extraterritorial Service Under the Federal Securities Laws, 70 Colum.L.Rev. 423 (1970); Note, Extraterritorial Service Provisions of Federal Statute Held Inapplicable to Pendent Nonfederal Claims, 63 Colum.L.Rev. 762 (1963); 5 L.Loss, Securities Regulation 2972-75 (Supp. to 2d ed. 1969).
 
 
 7
 The contrary position is based upon the historical fact that from the time of the first Judiciary Act Congress has declined to give the lower federal courts the general power of extraterritorial process. In view of this history, it is urged, statutes which are an exception should be narrowly construed. See, e. g., Wilensky v. Standard Beryllium Corp., 228 F.Supp. 703, 705-706 (D.Mass.1964).
 
 
 8
 Analysis should begin, we think, with the fact that in the Securities Act of 1933 and the Securities Exchange Act of 1934 Congress has bestowed upon the United States District Courts the power to extend their writ extraterritorily so as to compel a personal appearance before them. Once the defendant is before the court, it matters little, from the point of view of procedural due process, that he has become subject to the court's ultimate judgment as a result of territorial or extraterritorial process. Looked at from this standpoint, the issue is not one of territorial in personam jurisdiction-that has already been answered by the statutes- but of subject matter jurisdiction. It is merely an aspect of the basic pendent jurisdiction problem. In United Mine Workers v. Gibbs, supra, the Supreme Court recognized that a discretionary approach should be taken in considering whether to entertain pendent claims. Justification for entertaining such claims ". . . lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ." 383 U.S. at 726, 86 S.Ct. at 1139. Moreover, while the issue of power to entertain a suit for an in personam judgment on a pendent state law claim will ordinarily be resolved on the pleadings, the court remains free throughout the proceedings to dismiss such a claim if that seems the fairer course. Id. at 727, 86 S.Ct. 1130. In this case, recognizing that Cabot was properly before it by virtue of extraterritorial service authorized by two federal statutes, the district court properly weighed considerations of judicial economy, convenience and fairness, and concluded that it would entertain the pendent claims. That course was within its power and the district court will also have power to dismiss the pendent claims in the future as noted above.
 
 
 9
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 Cases recognizing that extraterritorial service may be effective to confer in personam jurisdiction for pendent state law claims include Emerson v. Falcon Manufacturing, Inc., 333 F.Supp. 888, 889-890 (S.D.Tex.1971); Kane v. Central American Mining & Oil, Inc., 235 F. Supp. 559, 567-568 (S.D.N.Y.1964); Cooper v. North Jersey Trust Co., 226 F.Supp. 972, 980-981 (S.D.N.Y.1964); Townsend Corp. v. Davidson, 222 F. Supp. 1, 4 (D.N.J.1963). Cases holding that such service is ineffective to confer in personam jurisdiction for such claims include Levin v. Great Western Sugar Co., 274 F.Supp. 974, 979 (D.N.J.1967); Parker v. Baltimore Paint & Chemical Corp., 244 F.Supp. 267, 271 (D.Colo. 1965); Wilensky v. Standard Beryllium Corp., 228 F.Supp. 703, 705-706 (D. Mass.1964); Lasch v. Antkies, 161 F. Supp. 851, 852 (E.D.Pa.1958)