NINTH FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Plaintiff,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GADSDEN COUNTY and Henry T. Burnett, Jr., Defendants.

No. 79 Civ. 5379.

United States District Court, S. D. New York.

July 15, 1980.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for plaintiff; Roger J. Hawke, Joseph G. Riemer, III, New York City, of counsel.

Tucker & Globerman, New York City, for defendant First Federal Savings and Loan Association of Gadsden County.

Stein, Davidoff, Malito & Katz, New York City, for defendant Henry T. Burnett, Jr.; Larry Hutcher, Richard L. Steer, New York City, of counsel.

LASKER, District Judge.

This action arises out of an agreement made in September, 1978, between Ninth Federal Savings and Loan Association of New York City ("Ninth Federal") and First Federal Savings and Loan Association of Gadsden County [Florida] ("First Federal"). In return for an immediate payment of $20,000., First Federal agreed to purchase $2,000,000. of treasury securities from Ninth Federal in October, 1979, at Ninth Federal's option. Henry Burnett, First Federal's Controller at the time, participated in the transaction on behalf of First Federal.

The complaint alleges that at the time the agreement was reached, Burnett did not intend to honor First Federal's commitment to purchase the securities if the market value of the securities was less than the contract price when and if Ninth Federal exercised its option to sell the securities. In a memorandum endorsement dated February 15th and filed February 20, 1980, we ruled that Ninth Federal's allegation stated a claim under section 10(b) of the Securities and Exchange Act and Rule 10(f)–5. *See* *A. T. Brod & Co. v. Perlow*, 375 F.2d 393 (2d Cir. 1967); *Allegaert v. Warren*, 480 F.Supp. 817 (S.D.N.Y.1979); *G. A. Thompson & Co. v. Wendell J. Miller Mortgage Co.*, [1976–1977 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 95,668 (S.D.N.Y.1976). We reserved decision on the question whether the court enjoyed personal jurisdiction of the defendants with respect to two pendant state law claims for breach of contract, pending further briefing by the parties, which has been completed. In addition, Burnett has filed a motion to transfer the case to the United States District Court for the Northern District of Florida, which is also ready for decision.

■ First Federal contends that although it is subject to the court's jurisdiction on Ninth Federal's securities fraud claim under section 27 of the Securities and Exchange Act, 15 U.S.C. § 78aa, which provides for nationwide service of process in "all suits in equity and actions at law brought to enforce any liability or duty created by" the Act, the court would not be able to obtain personal jurisdiction over it with respect to the contract claims under New York's long arm statute, N.Y.Civ. Prac.Law § 302, and cannot assert such jurisdiction simply because it has *in personam* jurisdiction over it vis-a-vis the securities fraud claim. Ninth Federal takes the contrary position, arguing that since jurisdiction over First Federal exists with respect to the federal claim, it exists as well with respect to any claims pendent to the federal claim. *See International Controls Corp. v. Vesco*, 593 F.2d 166, 175 n.5 (2d Cir. 1979); *Robinson v. Penn Central Co.*, 484 F.2d 553 (3d Cir. 1973); *Bartels v. International Commodities Corp.*, 435 F.Supp. 865, 867–68 (D.Conn.1977); *Getter v. R. G. Dickinson & Co.*, 366 F.Supp. 559, 566–68 (S.D. Iowa 1973); *Kane v. Central American Min-*

*ing & Oil Co.*, 235 F.Supp. 559, 567–68 (S.D. N.Y.1964) (Weinfeld, J.). After reviewing the authorities brought to our attention by the parties, we conclude that a court which acquires personal jurisdiction of an out of state defendant through extraterritorial service of process pursuant to section 27 of the Act also acquires personal jurisdiction of the defendant with respect to state law claims "derived from a common nucleus of operative fact," even if long-arm jurisdiction over the defendant with respect to those claims could not be independently acquired.

We rely in particular on Judge Gibbons' analysis in *Robinson v. Penn Central Co.*, 484 F.2d 553 (3d Cir. 1973):

> "Once the defendant is before the court, it matters little, from the point of view of procedural due process, that he has become subject to the court's ultimate judgment as a result of territorial or extraterritorial process. Looked at from this standpoint, the issue is not one of territorial in personam jurisdiction—that has already been answered by the statutes— but of subject matter jurisdiction. It is merely an aspect of the basic pendent jurisdiction problem."

*Id.* at 555; *see* Mills, Pendent Jurisdiction and Extraterritorial Service Under the Federal Securities Laws, 70 Colum.L.Rev. 423 (1970). The constitutional rationale for the exercise of pendent jurisdiction is that article III of the Constitution gives the federal courts jurisdiction over "cases," and that when separate claims "derive from a common nucleus of operative fact," so that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding," they comprise a single "case" within the meaning of article III, and consequently "there is *power* in federal courts to hear the whole." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (emphasis in original). Given that the Constitution authorizes the exercise of jurisdiction over the whole "case," the question is whether Congress intended to encompass the whole "case" when it provided for nationwide in personam jurisdiction over "all suits in equity or actions at law brought to enforce any liability or duty created by" the Securities and Exchange Act. The broad language adopted by Congress suggests that it did, a conclusion that is supported by "considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726, 86 S.Ct. at 1139.

Nevertheless, First Federal argues pendent jurisdiction over the breach of contract claims does not exist here because they do not grow out of the same "nucleus of operative fact" as Ninth Federal's securities fraud claim. However, to establish its federal claim, Ninth Federal must show that a contract was made and breached, and that when it was made First Federal intended to breach it if honoring it would not be to its advantage. To establish its state law claims, Ninth Federal need only show that a contract was made and breached. Since proof of the state claims is wholly contained within the proof of the federal claim, it is clear that pendent jurisdiction exists.

First Federal also argues that even if pendent jurisdiction does exist, the court should decline to exercise it since "the state claims appear to be the predominant claims, and the federal claim seems to be appended thereto to provide a semblance of federal jurisdiction." While we have concluded that the federal claim provides more than a "semblance" of federal jurisdiction, we do believe that in the circumstances of this case, where it is clear that if the plaintiff wished to pursue its state claims alone it would have to do so in Florida, and where, in our view, the record suggests that the plaintiff may have some difficulty proving the crucial element of its federal claim that distinguishes it from the state claims, it would be appropriate to address that issue at the outset. If Ninth Federal could not prove its allegation that First Federal never intended to honor its commitment unless it would be to its advantage to do so, the federal claim would necessarily fail, and jurisdiction over the state claims would evaporate. However, it is unnecessary to adopt this procedure here, since we conclude that "[f]or the convenience of parties and witnesses, in the interest of justice,"

the case must be transferred to the Northern District of Florida.

■ Burnett, who moves to transfer, has identified a number of witnesses (in addition to himself) whom he would call to testify that in entering into the standby commitment agreement he was acting within the scope of his normal duties as Controller of First Federal and with the knowledge and consent of First Federal's President and Board of Directors. Although Ninth Federal does not dispute this, and questions whether the proposed testimony would be material, it appears that the question of Burnett's authority will be a major element of First Federal's defense, and thus the testimony would be proper. More to the point, although there is a presumption favoring the plaintiff's choice of forum, Ninth Federal has not identified a single witness that it intends to call, and there is no reason to believe it will call any who are not located in or near Florida. The purported contract between Ninth Federal and First Federal is documented and apparently not contested. The sole issues for trial would appear to be whether Burnett had authority to enter into such a contract on First Federal's behalf, whether he intended at the time to honor the contract only if it were advantageous to do so, and what were the circumstances of First Federal's repudiation of the contract. It is readily apparent that *all* of the witnesses on these issues are likely to find a trial in Florida more convenient than a trial in New York. In these circumstances, the presumption favoring the plaintiff's choice of forum must give way.

For the reasons stated, First Federal's motion to dismiss the pendent claims alleged in the complaint is denied, Burnett's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) is granted, and the Clerk of the Court is directed to transfer the case to the United States District Court for the Northern District of Florida as provided in Rule 7 of the General Rules of this court.

It is so ordered.