T.S. Ellis, III, United States District Judge
At issue in this appeal from a decision by the U.S. Trademark Trial and Appeal Board ("TTAB") pursuant to 15 U.S.C. § 1071(b)(1) is whether personal jurisdiction exists over the defendant with respect to trademark infringement and unfair competition claims separate from the TTAB decision at issue on this appeal.
I.[1]
Plaintiff, Combe Incorporated, is a Delaware corporation and a leading maker of personal-care products for men and women. In particular, since approximately 1973, plaintiff has offered and sold a wide variety of women's personal care products, including medicated creams, moisturizers, deodorant powders, wipes, gels, washes and other products, under the trademark VAGISIL. Defendant, Dr. August Wolff GmbH & Co. KG Arzneimmitel, is a German limited liability partnership that manufactures medicinal, cosmetic and dermatological products, including feminine products under the label VAGISAN. Defendant maintains its headquarters in Bielefeld, Germany and has no offices or employees in the United States. Defendant's products are authorized for sale primarily in Belgium, Bulgaria, Estonia, Finland, Germany, Iraq, Iran, Jordan, Croatia, Lithuania, Latvia, Austria, Poland, Portugal, Switzerland, Serbia/Montenegro, Slovenia, Czech Republic, Turkey, Hungary, and the United Kingdom. At this time, defendant has not yet sold any products in the United States, but defendant has taken steps toward entering the U.S. market, including: filing an application with the U.S. Food & Drug Administration ("FDA") for approval of the VAGISAN moisturizing cream and entering into discussions with distributors, consultants, and independent contractors regarding the development of a program to sell VAGISAN products in the United States.
Defendant also filed an application with the U.S. Patent & Trademark Office ("PTO") to register the mark VAGISAN for "pharmaceutical preparations, namely, *521 vaginal moisturizers, vaginal anti-fungal preparations, vaginal washes; sanitary preparations for medical use; diet pills, diet capsules, diet liquid medications" and "soaps, perfumery, essential oils, cosmetics, hair lotions." Compl. ¶ 26. Plaintiff opposed this trademark application, arguing that defendant's use of a VAGISAN mark would create a likelihood of confusion with plaintiff's existing registered VAGSIL mark. Following consideration of evidence submitted by the parties on the likelihood of confusion, the TTAB issued a final decision on June 19, 2017, dismissing plaintiff's opposition and determining that the VAGISAN mark did not so resemble the VAGISIL mark as to be likely to cause "confusion," "mistake," or "deception" pursuant to 15 U.S.C. § 1052. See Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel , Opposition No. 91209708, 2017 WL 3034058 (TTAB June 19, 2017).
Thereafter, plaintiff filed this action on August 21, 2017 pursuant to 15 U.S.C. § 1071(b)(4), which allows a party otherwise entitled to appeal a TTAB decision to institute a suit against the party in interest in the Eastern District of Virginia. In addition to its appeal of the final TTAB decision on registration of the VAGISAN mark, plaintiff brings five federal and state claims against defendant, including:
(i) a claim for trademark infringement under the Lanham Act;
(ii) a claim for trademark infringement, false designation of origin, passing off, and unfair competition under the Lanham Act;
(iii) a claim for trademark dilution under the Lanham Act;
(iv) a claim for trademark infringement under the Virginia Trademark and Service Mark Act; and
(v) a claim for trademark infringement and unfair competition under Virginia Common Law.
On November 6, 2017, defendant filed a motion to dismiss each of these claims, apart from the claim stemming from the § 1071 TTAB appeal, for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P. In support of this motion, defendant argues that because defendant has never sold products in the United States and maintains no offices in the United States, defendant does not possess the requisite minimum contacts with either Virginia or the United States to support personal jurisdiction. Plaintiff opposes the motion, arguing that defendant is subject to personal jurisdiction pursuant both to 15 U.S.C. § 1071(b)(1) and to Rule 4(k)(2), Fed. R. Civ. P. These issues have been fully briefed and argued and are now ripe for disposition.
II.
It is well-settled that the Due Process Clause of the U.S. Constitution requires a nonresident defendant to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash. , 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quotation marks omitted). It is equally well-settled that resolution of personal jurisdiction challenges generally requires courts to consider (i) whether the state long-arm statute reaches the non-resident defendant given the cause of action alleged and the nature of the defendant's contacts; and (ii) whether the long-arm statute's reach in the circumstances exceeds its constitutional grasp. See Ellicott Mach. Corp., Inc. v. John Holland Party Ltd. , 995 F.2d 474, 477 (4th Cir. 1993). Were these principles the only principles governing defendant's motion to dismiss here, defendant might well have a persuasive motion. But importantly, another principle governs here-the doctrine of pendent personal jurisdiction *522 as adopted by the Fourth Circuit. Specifically, the Fourth Circuit has recognized "pendent personal jurisdiction of a district court which has obtained personal jurisdiction over a defendant by reason of a federal claim to adjudicate state claims properly within the court's subject matter jurisdiction, even though that state's long-arm statute could not authorize service over the defendants with respect to the state claims." ESAB Group v. Centricut Inc. , 126 F.3d 617, 628 (4th Cir. 1997).[2] Thus, pendent personal jurisdiction, derived from the doctrine of pendent subject matter jurisdiction, allows courts to assert personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction if that claim arises out of a common nucleus of operative fact with a claim in the same suit over which the court does have personal jurisdiction. See ESAB Grp. , 126 F.3d at 628. In this respect, pendent jurisdiction is a "discretionary power which is exercised in furtherance of 'judicial economy, convenience and fairness to the litigants.' " Id. (quoting United Mine Workers v. Gibbs , 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ).
Here, it is undisputed that personal jurisdiction exists with respect to plaintiff's § 1071 TTAB appeal. The Supreme Court has made clear that "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee , 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In this regard, the Supreme Court has recognized that "[a] variety of legal arrangements ... represent express or implied consent to the personal jurisdiction of the court." Id. One such arrangement occurs where, as here, a party fails to raise a timely defense of lack of personal jurisdiction in an answer or a responsive pleading. See Rule 12(h)(1)(A), Fed. R. Civ. P. (providing that "[a] party waives any defense" based on lack of personal jurisdiction by "omitting it from a motion" when the defense or objection was available at the time).[3] Here, it is clear that defendant has waived any claim of lack of personal jurisdiction with respect to the § 1071 TTAB appeal by failing to seek dismissal of plaintiff's claim relating to the TTAB ruling. Accordingly, defendant has waived any objection to personal jurisdiction with respect to the § 1071 TTAB appeal and defendant's actions "amount to a legal submission to the jurisdiction of the court." Ins. Corp. of Ireland, Ltd. , 456 U.S. at 704-05, 102 S.Ct. 2099.[4]
*523 Because personal jurisdiction exists with respect to the § 1071 TTAB appeal, it is appropriate to exercise pendent personal jurisdiction over defendant with respect to plaintiff's additional claims if those claims arise out of a common nucleus of operative fact as the § 1071 TTAB appeal. Clearly, a common nucleus of operative fact exists here. The § 1071 TTAB appeal is based on factual allegations tending to show that defendant's plan to sell products in the United States under the VAGISAN mark would likely cause confusion, mistake, or deception as to the source origin of defendant and its products. Plaintiff's trademark infringement and unfair competition claims arise out of this same set of operative facts, namely, that defendant plans to sell products under a mark that would infringe on and dilute plaintiff's trademark in the United States. Put simply, because all of these claims turn on a finding that there is a likelihood of confusion between the marks, the claims arise out of a common nucleus of operative fact and pendent personal jurisdiction is proper.
Defendant attempts to avoid this conclusion by relying on American Standard, Inc. v. Sanitary Wares Manufacturing Corp.[5] to argue that even if personal jurisdiction exists with respect to the § 1071 TTAB appeal, plaintiff must still prove the foreign defendant's contacts with the forum state are sufficient to satisfy Due Process with respect to the additional claims. But that case is inapposite and defendant misreads it; there, the court dismissed the § 1071 TTAB appeal as well as the additional unfair competition claims. 1987 WL 19224, at *1. Without a surviving claim over which the American Standard court could exercise personal jurisdiction, the court had no occasion to consider whether to apply pendent personal jurisdiction. Here, by contrast, defendant has not challenged the sufficiency of the claim with respect to the § 1071 TTAB appeal. Accordingly, American Standard is neither controlling nor persuasive.
Nor do the cases defendant cited at oral argument compel a result different from the conclusion reached here. At oral argument, defendant cited Quick Technologies, Inc. v. Sage Grp. PLC[6] and Simone v. VSL Pharmaceuticals., Inc.[7] to argue that pendent personal jurisdiction is not appropriate here. Yet neither of these cases is apposite or persuasive; each of these cases involved only trademark infringement and unfair competition claims, not § 1071 TTAB appeals. See Quick Techs., Inc. , 313 F.3d at 341 (noting that plaintiff filed suit against defendant for "trademark infringement and unfair competition"); Simone , 2017 WL 658711, at *1 (noting that the counterclaim contained three causes of action: "Count XII: Trademark Infringement, in violation of 15 U.S.C. § 1114 ; Count XIII: Unfair Competition, in violation of 15 U.S.C. § 1125(a) ; and Count XIV: a declaratory judgment action seeking the cancellation of [defendant's] pending trademark applications"). As in American Standard , there were no claims in Quick Technologies or in Simone over which the courts there could exercise personal jurisdiction so there was no reason to consider whether to apply pendent personal jurisdiction.
Next, defendant contends that pendent personal jurisdiction is not appropriate because there is no common nucleus of operative fact between plaintiff's § 1071 TTAB appeal and plaintiff's trademark infringement and unfair competition claims. Specifically, defendant argues that the appeal involves only issues of registration, whereas *524 the remaining causes of action concern the use of the VAGISAN mark. To be sure, as defendant notes, "[a] trademark registration proceeding and a trademark infringement proceeding are not the same,"[8] but this does not mean there is no common nucleus of operative fact between the claims. Indeed, the Fourth Circuit has recognized that trademark registration appeals, trademark infringement claims, and unfair competition claims are all "related" and has noted that each of those claims requires a finding of likelihood of confusion. Swatch AG v. Beehive Wholesale, LLC , 739 F.3d 150, 162 (4th Cir. 2014) (dismissing trademark registration appeal, trademark infringement, and unfair competition claims based on finding that there is no likelihood of confusion between two marks). Accordingly, defendant's argument that a common nucleus of operative fact does not exist is simply unpersuasive; both the § 1071 TTAB appeal and the various trademark infringement and unfair competition claims against defendant require a finding of likelihood of confusion.
In sum, because plaintiff's unfair competition and trademark infringement claims arise out of a common nucleus of operative fact as a claim over which personal jurisdiction exists-the § 1071 TTAB appeal-it is appropriate to exercise pendent personal jurisdiction and consider all of these claims together.
Accordingly, and for good cause,
It is hereby ORDERED that defendant's motion to dismiss Counts II-VI of the complaint is DENIED.

The facts pertinent to defendants' motion to dismiss are appropriately derived from the complaint, exhibits attached to the complaint, matters of public record, and the affidavits defendants submitted to challenge the existence of personal jurisdiction. See Universal Leather, LLC v. Koro AR, S.A. , 773 F.3d 553, 558 (4th Cir. 2014) (finding that courts may consider affidavits in assessing whether personal jurisdiction exists).

Several other circuits have also adopted the doctrine of pendent personal jurisdiction. See, e.g. , IUE AFL-CIO Pension Fund v. Herrmann , 9 F.3d 1049, 1056 (2d Cir. 1993) ; Oetiker v. Jurid Werke, G.m.b.H. , 556 F.2d 1, 4-5 (D.C. Cir. 1977) ; Robinson v. Penn Central Co. , 484 F.2d 553, 555 (3d Cir. 1973).

Ins. Corp. of Ireland, Ltd. , at 704, 102 S.Ct. 2099 ("[U]nder Rule 12(h), Rule 12(h), Federal Rules of Civil Procedure, '[a] defense of lack of jurisdiction over the person ... is waived' if not timely raised in the answer or a responsive pleading.").

Moreover, defendant has also waived any service of process defense it might have asserted. Rule 4(k)(1)(C), Fed. R. Civ. P. provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant ... when authorized by a federal statute." Here, a federal statute expressly authorizes such service with respect to plaintiff's § 1071 TTAB appeal. Specifically, 15 U.S.C. § 1071(b)(4) provides that where, as here, there is "an adverse party residing in a foreign country, the United States District Court for the Eastern District of Virginia shall have jurisdiction and may issue summons against adverse parties" to be "served by publication or otherwise as the court directs." Defendant has not contested that it was properly served pursuant to this statute.

1987 WL 19224 (D.D.C. June 30, 1987)

313 F.3d 338 (5th Cir. 2002)

2017 WL 658711 (D. Md. Feb. 16, 2017)

McBee v. Delica Co. , 2004 WL 2634465, at *9 (D. Me. Aug. 19, 2004), report and recommendation adopted in part , No. CIV. 02-198-P-C, 2004 WL 2674360 (D. Me. Nov. 19, 2004), aff'd on other grounds , 417 F.3d 107 (1st Cir. 2005).